1  GARY A. BORNSTEIN (Pro Hac Vice Application Pending)
   YONATAN EVEN (Pro Hac Vice Application Pending)
2  BENJAMIN GRUENSTEIN (Pro Hac Vice Application Pending)
   CRAVATH, SWAINE & MOORE LLP
3  Worldwide Plaza
   825 Eighth Avenue
4  New York, NY 10019
   Telephone: (212) 474-1000
5  Facsimile: (212) 474-3700

6  DAVID A. KAYS, ESQ. (SBN 120798)
   WILLIAM SIAMAS, ESQ. (SBN 133111)
7  FREEDA YLLANA LUGO, ESQ. (SBN 244913)
   MORGAN, FRANICH, FREDKIN, SIAMAS & KAYS
8  333 West San Carlos Street, Suite 1050
   San Jose, California  95110
9  Telephone: (408) 288-8288
   Facsimile:  (408) 288-8325

10

11 Attorneys for Applicant
   QUALCOMM INCORPORATED

12

13                UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF CALIFORNIA
14                    SAN JOSE DIVISION

15

16 In re Ex Parte Application of            Miscellaneous Action No.
   QUALCOMM INCORPORATED,
17                                          EX PARTE APPLICATION FOR AN
   Applicant,                               ORDER PURSUANT TO 28 U.S.C. §
18                                          1782 GRANTING LEAVE TO OBTAIN
   For an Order Pursuant to 28 U.S.C. § 1782  DISCOVERY FOR USE IN FOREIGN
19 Granting Leave to Obtain Discovery from  PROCEEDINGS AND SUPPORTING
   Samsung Electronics Co., Ltd.; Samsung   MEMORANDUM
20 Electronics America, Inc. and Samsung
   Telecommunications America, LLC for Use in  **EXPEDITED CONSIDERATION**
21 a Foreign Proceeding.                    **REQUESTED**

22

23

24

25

26

27

28

   ─────────────────────────────────────────────────────────
   EX PARTE APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. §1782

1

**TABLE OF CONTENTS**

2

**Page**

3    TABLE OF AUTHORITIES ................................................................................................. ii

4    I.     INTRODUCTION ........................................................................................................2

5    II.    BACKGROUND .........................................................................................................3

6    III.   ARGUMENT................................................................................................................5

7           A.    Legal Standard .................................................................................................5

8           B.    Qualcomm's Application Meets § 1782's Statutory Requirements. ........................6

9           C.    The Intel Factors Strongly Favor Granting Qualcomm's Application. ..................7

10
                 1.   Samsung Is Not A Party to the Foreign Proceeding. ..................................8
11

12               2.   Qualcomm Seeks Highly Relevant Information That Not Only Will
                      Assist the Foreign Tribunal, But Is Essential to Qualcomm's
13                    Defense of the Charges. ...........................................................................8

14               3.   No Foreign Discovery Restriction Bars Qualcomm's Requested
                      Discovery. .............................................................................................10
15

16               4.   Qualcomm's Discovery Is Narrowly Tailored to Avoid Undue
                      Burden. .................................................................................................10

17    IV.    CONCLUSION.............................................................................................................11

18

19

20

21

22

23

24

25

26

27

28

i
EX PARTE APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. §1782

# TABLE OF AUTHORITIES

**Cases**                                                                                    **Page(s)**

Akebia Therapeutics, Inc. v. FibroGen, Inc., 793 F.3d 1108 (9th Cir. 2015)................................ 7

Cryolife, Inc. v. Tenaxis Med., Inc., No. C08-05124 HRL, 2009 WL 88348 (N.D. Cal.
    Jan. 13, 2009)................................................................................................................... 10

Ex parte Rigby, No. 13-cv-0271-MMA (MDD), 2013 WL 622235 (S.D. Cal.
    Feb. 19, 2013) ................................................................................................................. 3, 8

In re Application of Chevron, 709 F. Supp. 2d 283 (S.D.N.Y. 2010) ........................................... 6

In re Application of PQ Corp. For Ex Parte Order to Obtain Discovery For Use in
    Foreign Proceedings, No. 6:13-MC-9-ORL-36KRS, 2013 WL 3270407 (M.D. Fla.
    June 26, 2013)................................................................................................................... 10

In re Ex Parte Application of Nokia Corp., No. 513MC80217EJDPSG, 2013 WL
    6073457 (N.D. Cal. Nov. 8, 2013)...................................................................................... 8

In re Godfrey, 526 F. Supp. 2d 417 (S.D.N.Y. 2007)................................................................... 6

In re Grupo Unidos Por El Canal, S.A., 2014 U.S. Dist. LEXIS 152473 (N.D. Cal.
    Oct. 27, 2014) ..................................................................................................................... 1

In re Letters Rogatory from Tokyo Dist., Tokyo, Japan, 539 F.2d 1216 (9th Cir. 1976).............. 1

In re Republic of Ecuador, No. C-10-80225, 2010 WL 3702427 (N.D. Cal.
    Sept. 15, 2010) .................................................................................................................... 6

In re Request for Int'l Judicial Assistance From the Nat'l Court Admin. of the Republic
    of Korea, No. C15-80069 MISC LB, 2015 WL 1064790 (N.D. Cal. Mar. 11, 2015) .......... 10

Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241 (2004) ................................... passim

IPCom GmbH & Co. KG v. Apple Inc., 61 F. Supp. 3d 919, 2014 U.S. Dist. LEXIS
    104245, 2014 WL 3728576 (N.D. Cal. 2014) ...................................................................... 1

London v. Does, 279 F. App'x 513 (9th Cir. 2008)...................................................................... 8

Matter of Action & Prot. Found., No. 14-CV-80076 MISC EMC (LB), 2015 WL
    1906984 (N.D. Cal. Apr. 27, 2015) ..................................................................................... 1

**Statutes & Rules**

28 U.S.C. § 1782.................................................................................................... passim

EX PARTE APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. §1782

1    Applicant Qualcomm Incorporated ("Qualcomm") respectfully applies to the Court ex

2    parte for an order of discovery pursuant to 28 U.S.C. § 1782 granting Qualcomm leave to obtain

3    targeted discovery from Samsung Electronics Co., Ltd. ("Samsung Electronics"); Samsung

4    Electronics America, Inc. ("SEA") and Samsung Telecommunications America, LLC ("Samsung

5    Telecommunications") (collectively, "Samsung") for use in a foreign proceeding.   This

6    application is brought on an ex parte basis pursuant to Civil L.R. 7-10 as this Court has expressly

7    authorized, and routinely accepts, ex parte applications for 28 U.S.C. § 1782 discovery. See,

8    e.g., Matter of Action & Prot. Found., No. 14-CV-80076 MISC EMC (LB), 2015 WL 1906984,

9    at *6 (N.D. Cal. Apr. 27, 2015) ("An *ex parte* application is an acceptable method for seeking

10   discovery pursuant to § 1782.") (citing In re Letters Rogatory from Tokyo Dist., Tokyo, Japan,

11   539 F.2d 1216, 1219 (9th Cir. 1976); IPCom GmbH & Co. KG v. Apple Inc., 61 F. Supp. 3d

12   919, 922, 2014 U.S. Dist. LEXIS 104245, *6, 2014 WL 3728576 (N.D. Cal. 2014); In re Grupo

13   Unidos Por El Canal, S.A., 2014 U.S. Dist. LEXIS 152473, *1 (N.D. Cal. Oct. 27, 2014)). This

14   application is supported by the memorandum of points and authorities below and the

15   Declarations of Changhun Lee and Brent Byars, filed herewith.  The proposed subpoenas are

16   attached hereto as Exhibit A and Exhibit B.

17       Qualcomm respectfully requests expedited consideration of this application because

18   Qualcomm requires the requested discovery to formulate a written submission in a proceeding

19   pending before the Korea Fair Trade Commission in connection with evidentiary hearings that

20   are likely to commence in early spring 2016. (Lee Decl. ¶ 8.)[1]

21       Jurisdiction: This Court has subject matter jurisdiction over this application pursuant to

22   28 U.S.C. § 1782 (application for leave to take discovery for use in a foreign proceeding).

23       Intradistrict assignment: Assignment of this application to the San Jose Division of this

24   Court is proper because the discovery sought from Samsung relates in part to positions Samsung

25

26   [1]Together with this application, Qualcomm submits applications for leave to take discovery from other relevant
     firms. Although the discovery relates to the same KFTC proceedings, the respective applications describe the
27   circumstances that justify granting discovery from each of the firms from whom it is sought, and the scope of
     discovery sought from each.
28

                                                      1

1   has taken in litigation against Apple Inc. ("Apple") in this Division of this Court. In addition,

2   Samsung is one of a group of companies from which Qualcomm seeks discovery for use in the

3   same foreign proceeding. Most of the companies are headquartered or maintain offices in Santa

4   Clara County, and it appears likely that there will be unduly burdensome duplication of labor and

5   expense and a potential for conflicting results if the separate applications are considered by

6   Judges in different Divisions.

7

## I.    INTRODUCTION

9   Qualcomm is a company headquartered in San Diego that, among other things, sells chips

10  for use in mobile phones and other cellular-enabled devices, and licenses its portfolio of patented

11  cellular and other technologies to the makers of those devices. Qualcomm is currently the

12  subject of a proceeding before the antitrust regulator in the Republic of Korea, known as the

13  Korea Fair Trade Commission ("KFTC"). (Lee Decl. ¶ 4.) During that proceeding, KFTC

14  investigators obtained documents and information from a variety of companies in the wireless

15  communications industry, including Samsung. (Lee Decl. ¶ 7.) Based in part on information

16  and documents received from Samsung, the KFTC has charged that aspects of Qualcomm's

17  patent licensing practices violate South Korean antitrust law. Through this application,

18  Qualcomm seeks narrowly tailored discovery from Samsung in support of its defense before the

19  KFTC.

20  Under 28 U.S.C. § 1782, interested parties such as Qualcomm may obtain discovery from

21  companies located within the United States or subject to the jurisdiction of its courts for use

22  before international tribunals. "Section 1782 is the product of congressional efforts, over the

23  span of nearly 150 years, to provide federal-court assistance in gathering evidence for use in

24  foreign tribunals." Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 247 (2004).

25  Recognizing that Congress intended it to "substantially broaden[] the scope of assistance federal

26  courts could provide for foreign proceedings", id., at 247-48, district courts have held that § 1782

27

28

2

EX PARTE APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. §1782

1   should be read in light of policies "generally favor[ing] discovery", <u>Ex parte Rigby</u>, No. 13-cv-

2   0271-MMA (MDD), 2013 WL 622235, at *3 (S.D. Cal. Feb. 19, 2013).

3       Qualcomm's discovery from Samsung is of urgent concern.  Qualcomm requires this

4   discovery to formulate a written submission to the KFTC and to prepare for evidentiary hearings

5   that are likely to commence in early spring 2016.  (Lee Decl. ¶ 8.)

6       Accordingly, for the reasons set forth below, Qualcomm respectfully requests that the

7   Court enter the proposed order filed herewith and authorize the service of the subpoenas for

8   documents and testimony attached hereto as Exhibits A and B.

9   **II.    BACKGROUND**

10      The KFTC is an administrative agency that formulates and administers competition

11  policies, investigates compliance with the antitrust laws of South Korea and determines whether

12  violations have occurred.  (Lee Decl. ¶ 5.)  As such, it possesses broad investigative and

13  enforcement powers comparable to those of the United States Federal Trade Commission or the

14  Directorate-General for Competition in the European Commission, which is the European

15  antitrust regulator.

16      The KFTC's investigation of Qualcomm has been undertaken to this point by KFTC staff

17  members on a case team led by an Examiner.  (Lee Decl. ¶ 6.)  Among various issues, the

18  investigation concerned the commercial terms Qualcomm negotiated with some of its licensees,

19  including Samsung, South Korea's largest company and a leading cellular device maker.  (Lee

20  Decl. ¶ 6.)[2]  On November 13, 2015, the case team issued to Qualcomm an Examiner's Report

21  ("ER") setting out the Examiner's allegations regarding certain matters under investigation,

22  including allegations that certain aspects of Qualcomm's practices regarding the licensing of

23  standard-essential patents violate South Korean antitrust law.[3]  (Lee Decl. ¶ 7.)  The ER

24

25  [2]The Samsung entities are parts of Samsung Group, which is the largest company in Korea, generates over 20% of
    the total GDP and employs approximately 489,000 persons. (Byars Decl. ¶ 4; Lee Decl. ¶ 6.)

26  [3]A cellular communication standard is a set of technical specifications that govern matters such as the operation of
    mobile devices on a cellular network. An example is the fourth-generation (or "4G") LTE standard often mentioned

27  in advertisements by cellular network operators. Patents that are "essential" to a standard are patents that must be
    practiced in order to comply with the standard's specifications.

28

EX PARTE APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. §1782

1  recommends that the KFTC impose monetary penalties on Qualcomm and order Qualcomm to

2  modify certain business practices. (Lee Decl. ¶ 7.) In support of its allegations, the ER relies

3  upon statements and documents the case team obtained from suppliers of cellular devices and

4  modem chipsets, including Samsung. (Lee Decl. ¶ 7.) Qualcomm is not in possession of the

5  third-party materials cited in the ER, nor is it in possession of any materials that the case team

6  obtained from third parties but chose not to cite in the ER; these materials were not provided to

7  Qualcomm by the Examiner or the KFTC. (Lee Decl. ¶ 7.)

8      As noted above, Qualcomm must now submit a written response to the ER and prepare

9  for hearings before the KFTC under strict time constraints. (Lee Decl. ¶ 8.) Through this

10 application, Qualcomm seeks narrowly tailored discovery from Samsung in support of its

11 response and its presentation at the hearings. The content of the ER is required to be kept

12 confidential by South Korean law (Lee Decl. ¶ 7), so Qualcomm is constrained in its ability to

13 explain in a public filing the ER's specific allegations. Subject to those constraints, Qualcomm

14 sets forth the following general summary of the discovery sought from Samsung and why

15 Qualcomm requires such information to respond to contentions included in the ER:

16      • Qualcomm seeks documents Samsung provided to the KFTC concerning

17      matters at issue in the ER. The ER's findings rely upon and cite information provided

18      by Samsung. Qualcomm's request for documents Samsung provided to the KFTC is

19      limited to documents produced in connection with key factual subjects in the ER:

20      Qualcomm itself, the mobile device industry, the modem chipset industry, and

21      intellectual property rights that are essential to, or have been declared as potentially

22      essential to, implementing a cellular communication standard (standard-essential

23      patents or "SEPs"). (Ex. A (Requests for Production) at 5 ¶ 1.) Qualcomm also seeks

24      testimony from Samsung concerning relevant communications with the KFTC.

25      (Ex. B (Deposition Topics) at 3 ¶ 1.)

26      • Qualcomm seeks documents sufficient to show whether Samsung has been

27      harmed by Qualcomm's licensing practices. The ER asserts that Qualcomm's

28

4

EX PARTE APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. §1782

1  licensing practices have caused other firms in the cellular communications industry,

2  including Samsung, certain types of harm.   Qualcomm disputes this assertion and

3  seeks documents sufficient to show whether Samsung has in fact been harmed in the

4  ways alleged in the ER—if such documents even exist—and testimony concerning

5  such alleged harms.   (Ex. A (Requests for Production) at 5-6 ¶¶ 3, 4; Ex. B

6  (Deposition Topics) at 3 ¶¶ 3, 4.)

7  • Qualcomm also seeks documents concerning positions taken by Samsung

8  in prior relevant litigation.   Apple and Samsung have been involved in extensive

9  litigation in this District, before the International Trade Commission and before a

10  Korean court—as well as a proceeding before the KFTC itself—that related in part to

11  the issues involved in the KFTC's investigation of Qualcomm.  In this prior litigation,

12  Samsung has taken positions concerning these issues that are inconsistent with

13  positions that the ER states Samsung has presented to the KFTC.   (Byars Decl. ¶ 4.)

14  Accordingly, Qualcomm seeks documents filed or served by Samsung in such

15  proceedings and testimony concerning those positions.   (Ex. A (Requests for

16  Production) at 5 ¶ 2; Ex. B (Deposition Topics) at 3 ¶ 2.)

17  **III.   ARGUMENT**

18  **A.   LEGAL STANDARD**

19  Title 28, United States Code, Section 1782, authorizes a district court to order a person

20  residing or found within its district to produce documents or testimony for use in a foreign

21  proceeding.  28 U.S.C. § 1782; Intel, 542 U.S. at 246-47.  It provides in relevant part:

22  > The district court of the district in which a person resides or is found may
> order him to give his testimony or statement or to produce a document or
23  > other thing for use in a proceeding in a foreign or international
> tribunal . . . .  The order may be made . . . upon the application of any
24  > interested person and may direct that the testimony or statement be
> given, or the document or other thing be produced, before a person
25  > appointed by the court.  28 U.S.C. § 1782(a).

26  To obtain discovery, three requirements must be met: "(1) the person from whom the

27  discovery is sought resides or is found in the district of the district court to which the application

28

5

1    is made, (2) the discovery is for use in a proceeding before a foreign tribunal, and (3) the

2    application is made by . . . any interested person". In re Republic of Ecuador, No. C-10-80225,

3    2010 WL 3702427, at *2 (N.D. Cal. Sept. 15, 2010) (quoting In re Application of Chevron, 709

4    F. Supp. 2d 283, 290 (S.D.N.Y. 2010)).

5           Once these threshold requirements are established, district courts may order discovery.

6    In Intel, the Supreme Court set out four discretionary factors to be considered by district courts:

7    (1) whether "the person from whom discovery is sought is a participant in the foreign

8    proceeding"; (2) the "nature of the foreign tribunal, the character of the proceedings underway

9    abroad, and the receptivity of the foreign government or the court or agency abroad to U.S.

10    federal-court judicial assistance"; (3) whether the discovery request is "an attempt to circumvent

11    foreign proof-gathering restrictions or other policies of a foreign country or the United States";

12    and (4) whether the request is "unduly intrusive or burdensome". 542 U.S. at 264-65.

13

14    **B.    QUALCOMM'S APPLICATION MEETS § 1782'S STATUTORY REQUIREMENTS.**

15           Qualcomm's application satisfies all three of § 1782's mandatory statutory requirements.

16    First, Samsung is found within this District. Samsung is "found" in this District because it has

17    repeatedly availed itself of the jurisdiction of this Court in its protracted litigation against Apple

18    captioned Samsung Electronics Co., Ltd. v. Apple Inc., No. 11-02079 in the U.S. District Court

19    for the Northern District of California, Apple Inc. v. Samsung Electronics Co. Ltd., No. 11-1846

20    in the U.S. District Court for the Northern District of California and Apple Inc. v. Samsung

21    Electronics Co. Ltd., No. 12-630 in the U.S. District Court for the Northern District of

22    California, as well as in other litigation in this District. The discovery sought from Samsung

23    relates in part to positions taken in that litigation.    In addition, SEA and Samsung

24    Telecommunications are or have been registered and authorized to conduct business in the state

25    of California. (Byars Dec. ¶ 4.) Furthermore, Samsung Electronics is engaged in "systematic

26    and continuous local activities" in this District, In re Godfrey, 526 F. Supp. 2d 417, 422

27    (S.D.N.Y. 2007), through its wholly owned subsidiary, Samsung Research America, Inc., a

28

EX PARTE APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. §1782

1   California corporation which is headquartered at 665 Clyde Avenue, Mountain View, California,

2   in this District. (Byars Dec. ¶ 4).

3          Second, the requested documents and testimony are sought exclusively for use in a

4   "proceeding in a foreign . . . tribunal". 28 U.S.C. § 1782(a). In Intel, the Supreme Court

5   recognized that Congress intended the term "tribunal" to encompass administrative and quasi-

6   judicial agencies. 542 U.S. at 258; see also Akebia Therapeutics, Inc. v. FibroGen, Inc., 793

7   F.3d 1108, 1111 (9th Cir. 2015) ("A 'proceeding in a foreign or international tribunal' within the

8   meaning of § 1782 'is not confined to proceedings before conventional courts, but extends also

9   to administrative and quasi-judicial proceedings'." (quoting Intel, 542 U.S. at 249)). With

10  respect to antitrust proceedings in the European Commission ("EC"), the Supreme Court held

11  that § 1782 "authorizes, but does not require, a federal district court to provide assistance to a

12  complainant in a European Commission proceeding that leads to a dispositive ruling, i.e., a final

13  administrative action both responsive to the complaint and reviewable in court". Intel, 542 U.S.

14  at 255. Accordingly, the Court held that the EC is a "§ 1782(a) 'tribunal' when it acts as a first-

15  instance decisionmaker". Id. at 246-47. Like the EC, the KFTC is an administrative agency and

16  "first-instance decisionmaker" capable of rendering a "final administrative action", and its

17  rulings are subject to review in court. (Lee Decl. ¶¶ 5, 9.)

18         Third, as the subject of the KFTC proceeding, Qualcomm qualifies as an "interested

19  party". Intel, 542 U.S. at 256 ("No doubt litigants are included among . . . the 'interested

20  person[s]' who may invoke 1782 . . . .").

21         Accordingly, Qualcomm's request satisfies the three statutory requirements for an

22  application under 28 U.S.C. § 1782.

23

24  C.     THE INTEL FACTORS STRONGLY FAVOR GRANTING
        QUALCOMM'S APPLICATION.

25         As noted above, in Intel, the Supreme Court identified "factors that bear consideration in

26  ruling on a § 1782 request". 542 U.S. at 264. Those factors weigh heavily in favor of the Court

27  exercising its discretion to grant Qualcomm's request for discovery.

28

---

7

EX PARTE APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. §1782

1        **1.      Samsung Is Not A Party to the Foreign Proceeding.**

2          In Intel, the Supreme Court explained that the need for § 1782 assistance is greater in

3    cases where the party from whom discovery is sought is not a party to the foreign proceeding

4    and, therefore, not subject to an order of discovery by the foreign tribunal.   542 U.S. at 264

5    ("[N]onparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional

6    reach; hence, their evidence, available in the United States, may be unobtainable absent

7    § 1782(a) aid.").   Although Samsung submitted materials to the Examiner, Samsung is not a

8    party to the proceeding before the KFTC and there are no procedures under South Korean law

9    that would permit Qualcomm to seek mandatory discovery from Samsung.   (Lee Decl. Ex. ¶ 11.)

10   This fact weighs in favor of authorizing the requested discovery.

11       **2.      Qualcomm Seeks Highly Relevant Information That Not Only Will
               Assist the Foreign Tribunal, But Is Essential to Qualcomm's Defense**
12             **of the Charges.**

13         In considering requests for § 1782 discovery, the Supreme Court further stated that courts

14   "may take into account the nature of the foreign tribunal, the character of the proceedings

15   underway abroad, and the receptivity of the foreign government or the court or agency abroad to

16   U.S. federal-court judicial assistance".   Intel, 542 U.S. at 264.   Courts conducting this analysis

17   tend to focus on the utility of the evidence sought and whether the foreign tribunal is likely to

18   receive such evidence.   See, e.g., In re Ex Parte Application of Nokia Corp., No.

19   513MC80217EJDPSG, 2013 WL 6073457, at *3 (N.D. Cal. Nov. 8, 2013); Rigby, No.

20   13CV0271-MMA MDD, 2013 WL 622235, at *2.

21         The ER recommends that the KFTC order Qualcomm to modify certain business

22   practices and impose monetary penalties on Qualcomm.   Samsung has provided information to

23   the Examiner that is not in Qualcomm's possession and that Qualcomm therefore cannot address

24   in its response.   Furthermore, Qualcomm believes that Samsung possesses additional evidence

25   that can provide critical context for the evidence or information concerning Samsung relied upon

26   in the ER.   See London v. Does, 279 F. App'x 513, 515 (9th Cir. 2008) (affirming order granting

27   § 1782 discovery when proof sought was "critical" in light of the "nature and character of the

28

8

1    foreign case"). For example, the ER makes certain characterizations about licensing negotiations

2    between Qualcomm and Samsung. Qualcomm disputes these characterizations. Documents and

3    testimony concerning these negotiations are therefore critical to the KFTC's ability to evaluate

4    the accuracy of the allegations.  Likewise, the ER asserts that Samsung was injured by

5    Qualcomm, citing statements submitted by Samsung.  Documents and testimony concerning

6    these alleged injuries (or lack thereof) will be essential to Qualcomm's defense.

7         Qualcomm also believes that Samsung has taken positions before the Examiner (and

8    ultimately the KFTC) relating to the licensing of SEPs that are directly contradicted by positions

9    it has taken in litigation before this Court involving patent disputes between Samsung and Apple.

10   See Samsung Electronics Co., Ltd. v. Apple Inc., No. 11-02079 (N.D. Cal.); Apple Inc. v.

11   Samsung Electronics Co. Ltd., No. 11-1846 (N.D. Cal.); Apple Inc. v. Samsung Electronics Co.

12   Ltd., No. 12-630 (N.D. Cal.). Documents from the litigation will be fundamental to allowing the

13   KFTC to assess the credibility of Samsung's statements to the KFTC's Examiner. Furthermore,

14   the litigation between Samsung and Apple relating to Samsung's SEPs spilled over into the

15   Seoul District Court in Korea, Samsung Electronics Co. v. Apple, Case No. 2011 GaHapp 39522

16   (Seoul Central District Court), and also included a request Apple made to the KFTC to find

17   Samsung's SEP licensing practices to be improper. Samsung vigorously defended its licensing

18   practices in those tribunals, and neither the Seoul District Court nor the KFTC found Samsung's

19   SEP licensing practices to be improper. Nevertheless, the ER suggests that Samsung is now

20   urging the KFTC to find unlawful certain identical practices engaged in by Qualcomm.

21   Information from these prior matters is essential to show that Samsung is taking inconsistent

22   positions depending on whether it is the SEP licensor or the SEP licensee, and thus challenge the

23   credibility of the information Samsung is now presenting to the KFTC. Samsung has possession

24   and control of documents and information from all of these prior matters, including the matters

25   in Korea.

26

27

28

EX PARTE APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. §1782

1    For these reasons, "the information" sought under § 1782 "will be useful". Cryolife, Inc.

2    v. Tenaxis Med., Inc., No. C08-05124 HRL, 2009 WL 88348, at *4 (N.D. Cal. Jan. 13, 2009)

3    (noting that the applicant is not obliged to establish a "compelling need" for discovery).

4    Furthermore, prior cases have recognized the receptiveness of South Korean courts to the use of

5    discovery obtained through § 1782. See, e.g., In re Request for Int'l Judicial Assistance From

6    the Nat'l Court Admin. of the Republic of Korea, No. C15-80069 MISC LB, 2015 WL 1064790

7    (N.D. Cal. Mar. 11, 2015) [hereinafter Korean Nat'l Court Admin.].   While the KFTC is not

8    itself a court of South Korea, it is an administrative agency whose decisions are subject to review

9    in South Korean courts, and it will be receptive to evidence obtained under § 1782 and that

10   evidence can also be used during judicial review of the KFTC's decision.  (Lee Decl. ¶¶ 5, 10.)

11

12
             **3.    No Foreign Discovery Restriction Bars Qualcomm's Requested
                     Discovery.**

13   The Intel Court further instructed that "a district court consider whether the § 1782(a)

14   request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of

15   a foreign country or the United States". Intel, 542 U.S. at 265.  Although South Korean law does

16   not itself provide discovery mechanisms similar to those available in the U.S., Qualcomm is

17   aware of no provision in South Korean law that precludes parties from obtaining or using

18   discovery, taken in the United States pursuant to United States law, in proceedings held in Korea.

19   (Lee Decl.¶ 10.)   Indeed, as noted above, at least one South Korean court has requested and

20   accepted discovery obtained pursuant to § 1782(a) discovery.  See Korean Nat'l Court Admin.,

21   2015 WL 1064790, at *2.   Accordingly, other U.S. courts have granted § 1782 applications

22   related to South Korean proceedings.  See, e.g., In re Application of PQ Corp. For Ex Parte

23   Order to Obtain Discovery For Use in Foreign Proceedings, No. 6:13-MC-9-ORL-36KRS, 2013

24   WL 3270407, at *6-7 (M.D. Fla. June 26, 2013).

25           **4.    Qualcomm's Discovery Is Narrowly Tailored to Avoid Undue Burden.**

26   The Intel Court noted that "unduly intrusive or burdensome requests may be rejected or

27   trimmed". Intel, 542 U.S. at 265.  As set forth above, Qualcomm's proposed discovery requests

28

                                              10

1    are narrowly tailored and minimally burdensome and seek a highly targeted set of documents and

2    testimony that are directly relevant to the issues discussed in the ER.   First and foremost,

3    Qualcomm seeks materials Samsung provided to the Examiner.   Qualcomm must have access to

4    the evidence that the KFTC case team relies upon if it is going to have an opportunity to

5    challenge the ER.   As Samsung already has collected and produced such materials, it will be not

6    be burdensome to provide Qualcomm with copies.

7        In addition, Qualcomm seeks a narrow set of documents that go to key factual findings.

8    Specifically, Qualcomm requests documents—if they exist—sufficient to show the alleged

9    harmful consequences of Qualcomm's licensing practices.[4]   Finally, Qualcomm seeks documents

10   from earlier litigations in this District and elsewhere, in which Samsung took positions that

11   conflict with the positions it has taken during the KFTC's investigation of Qualcomm.

12   Qualcomm should have the opportunity to present such conflicting positions to the KFTC.   In

13   addition to being squarely relevant to Qualcomm's defense in the KFTC proceedings, the

14   documents that Qualcomm seeks are easily gathered.   Accordingly, these requests will impose no

15   undue burden upon Samsung.[5]

16

17   ## IV.    CONCLUSION

18       Qualcomm seeks narrowly tailored discovery for use in a pending foreign proceeding.

19   Qualcomm's request satisfies 28 U.S.C. § 1782's three statutory requirements, and the four

20   discretionary Intel factors weigh heavily in favor of granting Qualcomm's application.

21   Accordingly, Qualcomm respectfully requests that this court issue the proposed order authorizing

22   the issuance of subpoenas attached hereto as Exhibits A and B.

23

24

25   [4]Although certain events and communications referenced in the ER occurred as early as 2000, Qualcomm seeks only
     documents—to the extent they exist—from 2005 to the present.

26   [5]Although some of these documents may be available from public dockets, many are likely to have been filed under
     seal, or were merely served by the parties and not filed (e.g., expert reports).  Qualcomm is prepared to negotiate a

27   protective order to protect the confidentiality of the companies' sensitive information, including by permitting the
     redaction of such sensitive information from produced documents.

28

1

2    Dated:  January 7, 2016                    CRAVATH, SWAINE & MOORE LLP

3

4                                              MORGAN, FRANICH, FREDKIN,
                                                 SIAMAS & KAYS
5

6

7                                              By: _____
                                                   DAVID A. KAYS
8                                                  Attorneys for Applicant
                                                   QUALCOMM INCORPORATED
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EX PARTE APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. §1782