# Exhibit A

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of California

| | |
|---|---|
| In re Ex Parte Application of QUALCOMM Inc. | ) |
| _____ | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. |
| | ) |
| _____ | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Samsung Electronics Co., Ltd.; Samsung Electronics America, Inc.; Samsung Telecommunications America, LLC

_____
*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached schedule.

| Place: Morgan Franich Fredkin Siamas & Kays LLP, | Date and Time: |
|---|---|
| 333 West San Carlos Street, Suite 1050 | |
| San Jose, CA 95110 Attention: David A. Kays | 01/22/2016 9:00 am |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

| *CLERK OF COURT* | |
| | OR |
| _____ | _____ |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   QUALCOMM Inc.
_____ , who issues or requests this subpoena, are:
David A. Kays, 333 West San Carlos Street, Suite 1050, San Jose, CA 95110; dkays@mffmlaw.com; (408) 638-8516

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. _____

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**Definitions**

In addition to the definitions set forth in the Federal Rules of Civil Procedure, the following definitions apply to each of the Requests, and are deemed to be incorporated in each of said Requests:

1.    "Samsung", "You" or "Your" means Samsung Electronics Co., Ltd., Samsung Electronics America, Inc. and Samsung Telecommunications America, LLC, and each predecessor, successor, division, subsidiary, parent or related company thereof, whether or not organized under the laws of the United States.

2.    "Qualcomm" means Qualcomm Incorporated and each predecessor, successor, division, subsidiary, parent or related company thereof, whether or not organized under the laws of the United States.

3.    "KFTC" means the Korea Fair Trade Commission and its employees, examiners, Commissioners, attorneys, accountants, economists, staff, consultants, experts, agents and representatives.

4.    "Document" is defined to be synonymous in meaning and equal in scope to the usage of that term in Federal Rule of Civil Procedure, including, without limitation, all electronic communications (e.g., electronic mail and attachments), electronic files, and electronic or computerized data, data compilations and databases.  The term "document" includes each copy that is not identical to the original or to any other copy and any draft of any document or any working paper or draft concerning any document.

5.    "Communication" means and refers to any transmission of information, in any form, via any medium, including, without limitation, documents incorporating, summarizing or describing the contents of the transmission, meetings and discussions, telephone conversations,

electronic communications, telegraphic communications or any document containing a recording, transcription, summary or description or identifying the time, place, subject matter, medium of transmission and/or participants in the transmissions.

6.    "Person" is defined as any natural Person or any business, legal or governmental entity, without limitation, including groups, associations, partnerships, corporations, agencies or any other legal, business or governmental entity.

7.    "Concerning" means relating to, involving, referring to, describing, evidencing or constituting.

8.    "IPR" means intellectual property rights, including patents, patent applications, trademarks, copyrights and/or trade secrets.

9.    "Cellular Standard" means cellular telecommunications standards including, but not limited to the following standards:  (1) GSM (2) CDMA; (3) CDMA2000; (4) WCDMA; (5) TD-SCDMA; and (6) LTE.

10.    "Cellular IPR" means any IPR that is essential to, or that has been declared as potentially essential to, any Cellular Standard.

11.    "Modem Chipset" means any group of chips that function as a unit to enable mobile devices to transmit and receive voice or data by means of a Cellular Standard, or any single chip within such a group.

12.    "Mobile Device" means any handheld communication device having a display screen with a touch input or keypad, including, but not limited to, smartphone and tablet devices.

2

## **Instructions**

The following instructions apply to each of the Requests and are deemed to be incorporated in each of them:

1. In producing documents and other materials, you are requested to furnish all documents in your possession, custody or control, regardless of whether such documents or materials are possessed by you or any divisions, subdivisions or affiliated entity, including all officers, employees, agents or legal counsel; or by any other Person acting for or on behalf of any of you or them.

2. Any alteration of a responsive document, including any marginal notes, handwritten notes, underlining, date stamps, received stamps, endorsed or filed stamps, drafts, revisions, modifications and other versions of a document is a responsive document in its own right and must be produced.

3. The terms defined above and used in each of the Requests should be construed broadly to the fullest extent of their meaning in a good faith effort to comply with the Federal Rules of Civil Procedure.

4. The terms "all" and "each" shall be construed as "all and each". In addition, the term "any" means "all and each".

5. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of each of the Requests all responses that might otherwise be construed to be outside of their scope.

6. The term "including" shall be construed as "including, but not limited to".

7. The use of the singular form of any word includes the plural and vice versa.

3

8.      Unless words or terms have been given a specific definition herein, each word or term used herein shall be given its usual and customary dictionary definition except where such words have a usual custom and usage definition in your trade or industry, in which case they shall be interpreted in accordance with such usual custom and usage definition.

9.      If you withhold production of any document or portion of any document responsive to the Requests based upon any privilege, provide the following information for each document and each portion of any document withheld:

A.      the type of document;

B.      the general subject matter of the document and each portion withheld;

C.      the date of the document;

D.      the author(s)/sender(s) of the document and their title(s);

E.      the recipient(s) of the document and their title(s), including copy recipient(s); and

F.      the basis for withholding such document and each withheld portion of a document from production.

4

## Request for Production of Documents

1.    All documents You have provided to the KFTC from January 1, 2011 to the present in connection with any investigation or proceeding, to the extent such documents concern Qualcomm, Mobile Devices, Modem Chipsets, and/or Cellular IPR, and all documents quoted, cited or referenced therein.

2.    All documents filed or served by You (1) in or with respect to the litigation captioned Apple Inc. v. Samsung Electronics Co. Ltd., No. 11-1846, in the U.S. District Court for the Northern District of California, (2) in or with respect to the litigation captioned Apple Inc. v. Samsung Electronics Co. Ltd., No. 12-630, in the U.S. District Court for the Northern District of California, (3) in or with respect to the litigation captioned Samsung Electronics Co. Ltd. v. Apple Inc., No. 11-02079, in the U.S. Court for the Northern District of California, (4) in or with respect to the proceedings captioned In the Matter of Certain Electronic Devices, including Wireless Communications Devices, Portable Music and Data Processing Services, and Tablet Computers, Inv. No. 337-TA-794, in the U.S. International Trade Commission, or (5) in or with respect to the litigation captioned Samsung Electronics Co. v. Apple, Case No. 2011 GaHapp 39522 in the Seoul Central District Court, but only to the extent such documents concern licensing of Cellular IPR or damages alleged to have resulted from infringement of Cellular IPR.

3.    Documents received by You from January 1, 2005 to the present from a customer or potential customer of Modem Chipsets sufficient to show any concerns on the part of such customers or potential customers regarding Your lack of an exhaustive license from Qualcomm to Cellular IPR.

4.     Documents from January 1, 2005 to the present sufficient to show any decision by You to limit Your sales or Your development of Modem Chipsets or any component of a Modem Chipset due to Your lack of an exhaustive license from Qualcomm to Cellular IPR.

6

# Exhibit B

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Northern District of California

| | |
|---|---|
| In re Ex Parte Application of QUALCOMM INC. | ) |
| _Plaintiff_ | ) |
| v. | )     Civil Action No. |
| | ) |
| | ) |
| _Defendant_ | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:   Samsung Electronics Co., Ltd.; Samsung Electronics America, Inc.; Samsung Telecommunications America, LLC

_(Name of person to whom this subpoena is directed)_

    ☑ _Testimony:_ **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:
See attached schedule.

| Place: Morgan Franich Fredkin Siamas & Kays LLP<br>333 West San Carlos Street, Suite 1050<br>San Jose, CA 95110 | Date and Time:<br><br>     02/02/2016 9:00 am |
|---|---|

The deposition will be recorded by this method:   stenographic and videographic

    ☐ _Production:_ You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

       The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

          _CLERK OF COURT_
                            OR

_____       _____
     _Signature of Clerk or Deputy Clerk_                 _Attorney's signature_

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_    QUALCOMM Inc.
_____ , who issues or requests this subpoena, are:
David A. Kays, 333 West San Carlos Street, Suite 1050, San Jose, CA 95110; dkays@mffmlaw.com; (408) 638-8516

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑ I served the subpoena by delivering a copy to the named individual as follows: _____

_____

_____ on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $  0.00  .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

**(2) For Other Discovery.** A subpoena may command:

(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) Command to Produce Materials or Permit Inspection.**

**(A) Appearance Not Required.** A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B) Objections.** A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) Quashing or Modifying a Subpoena.**

**(A) When Required.** On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

**(B) When Permitted.** To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

**(C) Specifying Conditions as an Alternative.** In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:

**(A) Documents.** A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B) Form for Producing Electronically Stored Information Not Specified.** If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C) Electronically Stored Information Produced in Only One Form.** The person responding need not produce the same electronically stored information in more than one form.

**(D) Inaccessible Electronically Stored Information.** The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**

**(A) Information Withheld.** A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B) Information Produced.** If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**

The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## **Definitions**

In addition to the definitions set forth in the Federal Rules of Civil Procedure, the following definitions apply to each of the Deposition Topics, and are deemed to be incorporated in each of said Deposition Topics:

1.      "Samsung", "You" or "Your" means Samsung Electronics Co., Ltd., Samsung Electronics America, Inc. and Samsung Telecommunications America, LLC, and each predecessor, successor, division, subsidiary, parent or related company thereof, whether or not organized under the laws of the United States.

2.      "Qualcomm" means Qualcomm Incorporated and each predecessor, successor, division, subsidiary, parent or related company thereof, whether or not organized under the laws of the United States.

3.      "KFTC" means the Korea Fair Trade Commission and its employees, examiners, Commissioners, attorneys, accountants, economists, staff, consultants, experts, agents and representatives.

4.      "Document" is defined to be synonymous in meaning and equal in scope to the usage of that term in Federal Rule of Civil Procedure, including, without limitation, all electronic communications (e.g., electronic mail and attachments), electronic files, and electronic or computerized data, data compilations and databases.  The term "document" includes each copy that is not identical to the original or to any other copy and any draft of any document or any working paper or draft concerning any document.

5.      "Communication" means and refers to any transmission of information, in any form, via any medium, including, without limitation, documents incorporating, summarizing or describing the contents of the transmission, meetings and discussions, telephone conversations,

electronic communications, telegraphic communications or any document containing a recording, transcription, summary or description or identifying the time, place, subject matter, medium of transmission and/or participants in the transmissions.

6.      "Person" is defined as any natural Person or any business, legal or governmental entity, without limitation, including groups, associations, partnerships, corporations, agencies or any other legal, business or governmental entity.

7.      "Concerning" means relating to, involving, referring to, describing, evidencing or constituting.

8.      "IPR" means intellectual property rights, including patents, patent applications, trademarks, copyrights and/or trade secrets.

9.      "Cellular Standard" means cellular telecommunications standards including, but not limited to the following standards:  (1) GSM (2) CDMA; (3) CDMA2000; (4) WCDMA; (5) TD-SCDMA; and (6) LTE.

10.     "Cellular IPR" means any IPR that is essential to, or that has been declared as potentially essential to, any Cellular Standard.

11.     "Modem Chipset" means any group of chips that function as a unit to enable mobile devices to transmit and receive voice or data by means of a Cellular Standard, or any single chip within such a group.

12.     "Mobile Device" means any handheld communication device having a display screen with a touch input or keypad, including, but not limited to, smartphone and tablet devices.

2

## **Schedule of Deposition Topics Pursuant to Rule 30(b)(6)**

1.      Information You have provided to the KFTC from January 1, 2011 to the present, concerning Qualcomm, Mobile Devices, Modem Chipsets, and/or Cellular IPR.

2.      Arguments You have made (1) in or with respect to the litigation captioned <u>Apple Inc. v. Samsung Electronics Co. Ltd.</u>, No. 11-1846, in the U.S. District Court for the Northern District of California, (2) in or with respect to the litigation captioned <u>Apple Inc. v. Samsung Electronics Co. Ltd.</u>, No. 12-630, in the U.S. District Court for the Northern District of California, or (3) in or with respect to the litigation captioned <u>Samsung Electronics Co. Ltd v. Apple Inc.</u>, No. 11-02079, in the U.S. Court for the Northern District of California or (4) in or with respect to the proceedings captioned <u>In the Matter of Certain Electronic Devices, including Wireless Communications Devices, Portable Music and Data Processing Services, and Tablet Computers</u>, Inv. No. 337-TA-794 in the U.S. International Trade Commission, or (5) in or with respect to the litigation captioned <u>Samsung Electronics Co. v. Apple</u>, Case No. 2011 GaHapp 39522 in the Seoul Central District Court, to the extent such arguments concern licensing of Cellular IPR or damages alleged to have resulted from infringement of Cellular IPR.

3.      Any objections or concerns raised by Your customers or potential customers of Modem Chipsets regarding Your lack of an exhaustive license from Qualcomm to Cellular IPR.

4.      Any decision by You to limit Your sales or Your development of Modem Chipsets or any component of a Modem Chipset due to Your lack of an exhaustive license from Qualcomm to Cellular IPR.

3