GARY A. BORNSTEIN (Pro Hac Vice Application Pending)
YONATAN EVEN (Pro Hac Vice Application Pending)
BENJAMIN GRUENSTEIN (Pro Hac Vice Application Pending)
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
Telephone: (212) 474-1000
Facsimile: (212) 474-3700

DAVID A. KAYS, ESQ. (SBN 120798)
WILLIAM SIAMAS, ESQ. (SBN 133111)
FREEDA YLLANA LUGO, ESQ. (SBN 244913)
MORGAN, FRANICH, FREDKIN, SIAMAS & KAYS LLP
333 West San Carlos Street, Suite 1050
San Jose, California 95110
Telephone: (408) 288-8288
Facsimile: (408) 288-8325

Attorneys for Applicant
QUALCOMM INCORPORATED

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

CV 16 80006 MISC.

| | |
|---|---|
| In re Ex Parte Application of<br>QUALCOMM INCORPORATED,<br><br>Applicant,<br><br>For an Order Pursuant to 28 U.S.C. § 1782 Granting Leave to Obtain Discovery from Samsung Electronics Co., Ltd.; Samsung Electronics America, Inc.; Samsung Telecommunications America, LLC for Use in a Foreign Proceeding | Miscellaneous Action No.<br><br>DECLARATION OF CHANGHUN LEE IN SUPPORT OF EX PARTE APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 GRANTING LEAVE TO OBTAIN DISCOVERY FOR USE IN A FOREIGN PROCEEDING<br><br>**EXPEDITED CONSIDERATION REQUESTED** |

I, Changhun Lee, hereby declare as follows:

1.  I am a member of the law firm of Shin & Kim, in Seoul, Republic of Korea. I am registered to practice law in the Republic of Korea and I am counsel to Qualcomm Incorporated ("Qualcomm").

---

2. I am familiar with the facts set forth in this declaration from personal knowledge and documents I have reviewed. I have practiced before the Korean Fair Trade Commission and am familiar with its procedures and rules.

3. I submit this declaration in support of Qualcomm's Ex Parte Application for an Order Pursuant to 28 U.S.C. § 1782 Granting Leave to Obtain Discovery for Use in a Foreign Proceeding. The application relates to a foreign proceeding in South Korea before the Korea Fair Trade Commission (the "KFTC").

4. Qualcomm is the examinee in Case No. 2015SiGam2118 before the KFTC.

5. The KFTC is an administrative agency that formulates and administers competition policies, investigates compliance with the antitrust laws of South Korea and decides whether violations have occurred. It possesses broad investigative and enforcement powers. See excerpt from the KFTC's webpage: http://eng.ftc.go.kr/about/overview.jsp?pageId=0102, a true and correct copy of which is attached hereto as Exhibit A. The KFTC has the power to issue final administrative actions subject to review in the courts of Korea.

6. The KFTC investigation was undertaken by KFTC staff members on a case team led by an Examiner. Among various issues, the investigation concerned the commercial terms Qualcomm negotiated with some of its licensees, including subsidiaries of Samsung, South Korea's largest company and a leading cellular device maker. (Its subsidiaries are Samsung Electronics Co., Ltd., Samsung Electronics America, Inc. and Samsung Telecommunications America LLC, together "Samsung".)

7. On November 13, 2015, the case team issued to Qualcomm an Examiner's Report setting out the case team's conclusions regarding the matters under investigation. The Examiner's Report alleges that certain aspects of Qualcomm's practices concerning the licensing of standard-essential patents violate South Korean competition law. The Examiner's Report states that during their investigation, the KFTC case team obtained documents and information from a variety of companies in the wireless communications industry, including Samsung. As evidence, the Examiner's Report refers to materials provided by those companies. The KFTC did not provide these materials to Qualcomm. The Examiner's Report recommends that the KFTC order

modifications to Qualcomm's business practices and monetary penalties. The Examiner's Report is required to be kept confidential by South Korean law. (Section 13, Article 29 of the Rules on the KFTC's Committee Operation and Case Handling Procedure, etc.)

8. After receiving Qualcomm's response to the Examiner's Report, the KFTC will hold one or more hearings, at which time the Examiner and Qualcomm will be permitted to present their evidence. Based on the early 2016 due date for Qualcomm's response to the Examiner's Report, and the fact that hearings are required to begin within 30 days after the submission of Qualcomm's response, these hearings are likely to commence in early spring 2016.

9. The KFTC's final decision is subject to review in Korean courts.

10. There is no provision in South Korean law that would prohibit the use before the KFTC or the Korean courts of information obtained through discovery lawfully taken in the United States.

11. Samsung is not a party to the KFTC proceeding. There is no procedure provided by South Korean law that would permit Qualcomm to seek mandatory discovery from Samsung.

12. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: December 30, 2015

_____
Changhun Lee