[Draft—01/12/2016]

# CRAVATH, SWAINE & MOORE LLP

| | | WORLDWIDE PLAZA<br>825 EIGHTH AVENUE<br>NEW YORK, NY 10019-7475<br><br>TELEPHONE: +1-212-474-1000<br>FACSIMILE: +1-212-474-3700<br>_____<br><br>CITYPOINT<br>ONE ROPEMAKER STREET<br>LONDON EC2Y 9HR<br>TELEPHONE: +44-20-7453-1000<br>FACSIMILE: +44-20-7860-1150<br><br>WRITER'S DIRECT DIAL NUMBER<br>+1-212-474-1084<br>+1-212-474-1958<br>+1-212-474-1080<br><br>WRITER'S EMAIL ADDRESS<br>gbornstein@cravath.com<br>yeven@cravath.com<br>bgruenstein@cravath.com | | |
|---|---|---|---|---|

JOHN W. WHITE
EVAN R. CHESLER
KRIS F. HEINZELMAN
ROGER D. TURNER
PHILIP A. GELSTON
RICHARD W. CLARY
JAMES D. COOPER
STEPHEN L. GORDON
DANIEL L. MOSLEY
ROBERT H. BARON
KEVIN J. GREHAN
C. ALLEN PARKER
SUSAN WEBSTER
DAVID MERCADO
ROWAN D. WILSON
CHRISTINE A. VARNEY
PETER T. BARBUR
SANDRA C. GOLDSTEIN
THOMAS G. RAFFERTY
MICHAEL S. GOLDMAN
RICHARD HALL
JULIE A. NORTH
ANDREW W. NEEDHAM
STEPHEN L. BURNS
KEITH R. HUMMEL

DAVID J. KAPPOS
DANIEL SLIFKIN
ROBERT I. TOWNSEND, III
WILLIAM J. WHELAN, III
SCOTT A. BARSHAY
PHILIP J. BOECKMAN
ROGER G. BROOKS
WILLIAM V. FOGG
FAIZA J. SAEED
RICHARD J. STARK
THOMAS E. DUNN
MARK I. GREENE
DAVID R. MARRIOTT
MICHAEL A. PASKIN
ANDREW J. PITTS
MICHAEL T. REYNOLDS
ANTONY L. RYAN
GEORGE E. ZOBITZ
GEORGE A. STEPHANAKIS
DARIN P. MCATEE
GARY A. BORNSTEIN
TIMOTHY G. CAMERON
KARIN A. DEMASI
LIZABETHANN R. EISEN
DAVID S. FINKELSTEIN

DAVID GREENWALD
RACHEL G. SKAISTIS
PAUL H. ZUMBRO
JOEL F. HEROLD
ERIC W. HILFERS
GEORGE F. SCHOEN
ERIK R. TAVZEL
CRAIG F. ARCELLA
TEENA-ANN V. SANKOORIKAL
ANDREW R. THOMPSON
DAMIEN R. ZOUBEK
LAUREN ANGELILLI
TATIANA LAPUSHCHIK
ERIC L. SCHIELE
ALYSSA K. CAPLES
JENNIFER S. CONWAY
MINH VAN NGO
KEVIN J. ORSINI
MATTHEW MORREALE
JOHN D. BURETTA
J. WESLEY EARNHARDT
YONATAN EVEN
BENJAMIN GRUENSTEIN
JOSEPH D. ZAVAGLIA
STEPHEN M. KESSING

LAUREN A. MOSKOWITZ
DAVID J. PERKINS
JOHNNY G. SKUMPIJA
J. LEONARD TETI, II
D. SCOTT BENNETT
TING S. CHEN
CHRISTOPHER K. FARGO
KENNETH C. HALCOM
DAVID M. STUART
JONATHAN L. DAVIS
AARON M. GRUBER
O. KEITH HALLAM, III
OMID H. NASAB
DAMARIS HERNÁNDEZ
JONATHAN J. KATZ

SPECIAL COUNSEL

SAMUEL C. BUTLER
GEORGE J. GILLESPIE, III

OF COUNSEL

MICHAEL L. SCHLER

January 12, 2016

Re:  *In re Ex Parte Application of Qualcomm Incorporated*,
No. 16-mc-80006 (PSG)

Dear Judge Grewal:

       We write on behalf of Qualcomm Incorporated ("Qualcomm") in response to the letter sent on January 11, 2016, by counsel for Samsung Electronics Co., Ltd., Samsung Electronics America, Inc. and Samsung Telecommunications America, LLC (together "Samsung") and addressed to Your Honor's Chambers.  The letter indicates that Samsung contacted Chambers and states that, in that call, Chambers "confirmed" Samsung's apparent position that Local Rule 7-3 governs Qualcomm's *ex parte* application for leave to obtain discovery pursuant to 28 U.S.C. § 1782 and gives Samsung 17 days to oppose that application.

       Qualcomm does not agree with Samsung's interpretation of the Local Rules.  Qualcomm's application was brought on an *ex parte* basis, as several courts in this District have held is proper for an application under § 1782, *see Matter of Action & Prot. Found*, No. 14-CV-80076 MISC (EMC) (LB), 2015 WL 1906984, at *6 (N.D. Cal. Apr. 27, 2015) (citing cases), and is therefore governed by Local Rule 7-10 ("*ex parte* motions").  Qualcomm respectfully submits that Local Rule 7-3, which governs the timing of oppositions to noticed motions, does not apply in this *ex parte* matter.  Accordingly, Samsung may not oppose Qualcomm's application as a matter of right, and although the Court of course has discretion over the matter, the Court need not wait for Samsung's opposition before deciding the application.

       The ordinary process under § 1782 is for the Court to consider the application for leave *ex parte* and then address objections to the requested discovery on a motion to quash.  *See, e.g.*, *In re ex parte Motorola Mobility, LLC*, No. 12-80243 EJD

(PSG), 2012 WL 4936609 (N.D. Cal. Oct. 17, 2012) (granting *ex parte* application without prejudice to a motion to quash or modify).  Allowing Samsung 17 days solely to oppose the application for leave and then subsequently giving Samsung an opportunity to move to quash would unduly delay the proceedings and jeopardize Qualcomm's ability to obtain discovery prior to the commencement of the Korea Fair Trade Commission evidentiary hearings (currently set to begin in early Spring 2016).  Nonetheless, to the extent Samsung wishes to oppose at this juncture the limited discovery that Qualcomm is seeking, Qualcomm does not object to Samsung being granted the 17 days that it has requested, provided that its opposition is also construed as its motion to quash the proposed subpoenas.  If the Court wishes to entertain an opposition to the application separately from a motion to quash, Qualcomm respectfully requests that Samsung be ordered to serve its opposition to the application by this Friday, January 15, 2016.

Separately, Qualcomm respectfully submits that Samsung's request to file an opposition should not delay this Court's consideration of the related *ex parte* applications filed by Qualcomm for leave to take discovery of other parties, all of which have now been assigned to Your Honor.

We thank the Court for its attention to this matter.

Respectfully submitted,

Gary A. Bornstein
Yonatan Even
Benjamin Gruenstein

Hon. Paul Singh Grewal
   Magistrate Judge, U.S. District Court for the Northern District of California
      San Jose Courthouse
         Courtroom 5—4th Floor
           280 South 1st Street
              San Jose, CA 95113

Copy (via email) to:

Ian Simmons (isimmons@omm.com)
Katrina Robson (krobson@omm.com)
Benjamin J. Hendricks (bhendricks@omm.com)
O'Melveny & Myers LLP

*Counsel for Samsung*

Copy (via ECF) to:

David A. Kays
William Siamas
Freeda Yllana Lugo
Morgan, Franich, Fredkin, Siamas & Kays

*Counsel for Qualcomm Incorporated*