**EXHIBIT**

**A**

# *Rules on the FTC's Committee Operation and Case Handling Procedure, etc.*

*September 7, 2011*

(Only the Korean text is/are authentic)

*Korea Fair Trade Commission*

# Rules on the FTC's Committee Operation and Case Handling Procedure, etc.

*Established on December 1, 1997. Fair Trade Announcement No. 1997-28*

*Amended on April 23, 1998. Fair Trade Announcement No. 1998-12*

*Amended on August 1, 1998. Fair Trade Announcement No. 1998-18*

*Amended on October 1, 1998. Fair Trade Announcement No. 1998-10*

*Amended on December 31, 1998. Fair Trade Announcement No. 1998-17*

*Amended on July 1, 1999. Fair Trade Announcement No. 1999-11*

*Amended on December 5, 2000. Fair Trade Announcement No. 2000-8*

*Amended on June 1 ,2001. Fair Trade Announcement No. 2001-5*

*Amended on June 30, 2001. Fair Trade Announcement No. 2001-8*

*Amended on October 21, 1998. Fair Trade Announcement No. 2002-9*

*Amended on October 14, 2004. Fair Trade Announcement No. 2004-8*

*Amended on July 19, 2006. Fair Trade Announcement No. 2006-8*

*Amended on December 31, 2007. Fair Trade Announcement No. 2007-14*

*Amended on May 8, 2008. Fair Trade Announcement No. 2008-4*

*Amended on March 27, 2009. Fair Trade Announcement No. 2009-3*

*Amended on October 20, 2009. Fair Trade Announcement No. 2009-35*

*Amended on December 7, 2009. Fair Trade Announcement No. 2009-64*

*Amended on September 7, 2011. Fair Trade Announcement No. 2011-8*

The rules on the FTC's committee operation and case handling procedure, etc. (Fair Trade Commission Announcement No. 2009-64) is revised and announced as follows in order to set forth matters that are necessary to operate the Fair Trade Commission in pursuance of the provisions in Paragraph (2) of Article 48 (Provisions concerning Organization) of the Monopoly Regulation and Fair Trade Act and to set forth handling procedures for violations of laws under the Commission's jurisdiction, such as the Monopoly Regulation and Fair

Trade Act, Fair Labeling and Advertising Act, fair transaction in subcontracting act, Regulation of Standardized Contracts Act, the Door-to-Door Sales, etc. Act, the Act on Consumer Protection in Electronic Commerce, etc., and Fair Franchise Transactions Act, and Installment Transaction Act. , Rules on the FTC's committee operation and case handling procedure, etc. (Fair Trade Commission Notification No. 2009-64) is revised and announced as follows:

*September 7, 2011*

*Fair Trade Commission*

## Chapter 1 General Provisions

Article 1 (Purpose)

The purpose of these Rules is to set forth details regarding the committee and its operation, investigation, examination, deliberation, determination, resolution, and their case handling procedure of the Fair Trade Commission (Hereinafter referred to as the "Commission") in accordance with the provisions of Paragraph (2), Article 48 (Provisions concerning Organization) of the Monopoly Regulation and Fair Trade Act (Hereinafter referred to as the "Fair Trade Act"), the provisions of Article 55-2 (Procedures for Handling Cases, etc.), the provisions of Article 16 (Application mutatis mutandis of the Monopoly Regulation and Fair Trade Act) of Fair Labeling and Advertising Act (Hereinafter referred to as the "Labeling and advertising Act"), the provisions of Article 27 (Application mutatis mutandis of the Monopoly Regulation and Fair Trade Act) of fair transaction in subcontracting act (Hereinafter referred to as the "Subcontract Act"), the provisions of Articles 19 (Petition for Review of Standardized Contracts, etc.) to 22 (Statement of Opinion), Article 30-2 (Application mutatis mutandis of the Monopoly Regulation and Fair Trade Act) of the Regulation of Standardized Contracts Act (Hereinafter referred to as the "Standardized Contracts Act") and Article 13 (Review, Decision-making Procedure, etc. of the Fair Trade Commission) of the Enforcement Decree of the Regulations of the

Standardized Contracts Act, the provisions of Article 50 (Application mutatis mutandis of the Monopoly Regulation and Fair Trade Act) of the Door-to-Door Sales, etc. Act (Hereinafter referred to as the "Door-to-Door Sales Act"), the provisions of Article 50 (Application mutatis mutandis of the Monopoly Regulation and Fair Trade Act) of the Door-to-Door Sales, etc. Act (Hereinafter referred to as the "Door-to-Door Sales Act"), the provisions of Article 39 (Application mutatis mutandis of the Monopoly Regulation and Fair Trade Act) of the Act on Consumer Protection in Electronic Commerce, etc. (Hereinafter referred to as the "Act on Consumer Protection in Electronic Commerce"), and the provisions of Article 37 (Application mutatis mutandis of the Monopoly Regulation and Fair Trade Act) of the Fair Franchise Transactions Act (Hereinafter referred to as the "Franchise Act" the provisions of Article 47( Monopoly Regulation and Fair Trade Act) of installment transactions act (Hereinafter referred to as the "Installment Transactions Act ")

Article 2 (Scope of Application)

① The rules are applied to matters related to the Fair Trade Act, the Labeling and advertising Act, the Subcontract Act, the Door-to-Door Sales Act, the Act on Consumer Protection in Electronic Commerce, the Franchise Act, the Installment Transactions Act, and other acts under the Commission's jurisdiction.

② The matters not specifically set forth in this Rules regarding provisions of the Labeling and advertising Act, the Subcontract Act, the Standardized Contracts Act, the Door-to-Door Sales Act, Act on Consumer Protection in Electronic Commerce, the Franchise Act and the Installment Transactions Act shall follow the relevant provisions of the Fair Trade Act unless otherwise stipulated.

Article 3 (Calculation of Period)

Calculation of period shall follow the provisions of Articles 156 (Starting Point of Period Calculation) through 161 (Holidays and End Point of the Period) of the Civil Law.

## Chapter 2 Operation of   Plenary Session and Subcommittee

Article 4 (Subjects of Plenary Session Deliberation, Determination, and Resolution)

① The Plenary Session may deliberate, determine or resolve on matters falling under any of the following Subparagraphs. Note, however, that cases falling under Subparagraphs 1 through 7 may be deliberated and decided or resolved in writing.

1. Matters related to establishment and implementation of major policies and major business plans on monopoly regulation and fair trade as per Article 3 (Improvement, Etc. of Monopoly or Oligopoly in Market Structures) of the Fair Trade Act.

2. Matters related to enactment or revision of laws and enforcement decrees that concern the Commission.

3. Matters related to establishment and announcement of the categories and criteria falling under any of the following items:

A. The criteria for determining enterprisers of dominant position and the types and criteria of abusive acts as prescribed by provisions of Paragraph (4), Article 4 (Computation of sales turnover or Purchase Amount) of the Enforcement Decree of the Fair Trade Act, Subparagraph (4) of Paragraph (3), Subparagraph (4) of Paragraph (4), and Paragraph (6) of Article 5 (Type of and Criteria for Abusive Activities) of the Enforcement Decree of the Fair Trade Act, the types and criteria for unfair collaborative acts,   unfair trade practices, and resale price maintenance under an international contract as referred to in Paragraph (2)of Article 32 (Restrictions on Conclusion of Unfair International Contracts of the Fair Trade Act), the types and criteria for unlawful practices and the detailed criteria for unlawful practices related to merger as referred to in Paragraphs 1 of Article 21-4(Type of and Criteria for Law Evasions) of the Enforcement Decree of the Fair Trade Act , and the detailed criteria for   unfair trade practices in specified area or specified action as referred to in Paragraph (2), Article 36 (Designation of   unfair trade practices) of the Enforcement Decree of the Fair Trade Act.

B. The detailed criteria for unfair labeling and advertising as referred to in Paragraph (5) of Article 3 (Unfair Labeling and advertising) of the Enforcement Decree of the Labeling and advertising Act.

C. Calculation criteria for the amount of damage compensation as prescribed by provisions of Paragraph (2), Article 10 (Limitation on the Amount of Claim for Damages, etc.) of the Door-to-Door Sales Act, the criteria to be observed by door-to-door seller as prescribed by provisions of Paragraph (2) of Article 11 (Prohibited Acts), the criteria to be observed by multi-level marketers as prescribed by provisions of Paragraph (4) of Article 23 (Prohibited Acts), the criteria for calculating the penalty for breach of contract or money payment as prescribed by provisions of Paragraph (5) of Article 30 (Effect of Contract Termination or Cancellation, Penalty for Breach of Contract, etc.), the criteria to be observed by continuous transaction enterprisers as prescribed by provisions of Paragraph (2) of Article 32 (Prohibited Acts, etc.).

D. Criteria for calculating the amount of damage compensation as prescribed by provisions of Paragraph (2), Article 19 (Restriction of the Amount of Damage Compensation) of Act on Consumer Protection in Electronic Commerce, etc., the criteria to be observed by businessman and distant sellers of e-commerce as prescribed by provisions of Paragraph (2) of Article 21 (Prohibitions).

E. Calculation criteria for the penalties for breach of contract or refunds of payment as prescribed by provisions of Paragraph (5), Article 25 (Cancellation of Prepaid Installment Contract) of the Installment Transactions Act and Article 10 (Criteria for Determining Cancellation Fees and Refunds) of the Enforcement Decree of the same Act; calculation criteria for sales turnover related to violation as prescribed by provisions of Paragraph (2), Article 30 (Computing the sales turnover Related to Violation) of the Enforcement Decree of the same Act.

4. Matters related to designation or notification falling under any of the following items:

A. Announcement of the criteria for combination of enterprises as prescribed by provisions of Paragraph (5), Article 7 (Restriction on Combination of Enterprises) of the Fair Trade Act, the announcement concerning resolution of the board of directors on large-scale internal trading and publication as prescribed by provisions of Article 11-2 (Resolution of Board of Directors and Publication on Large-Scale Internal Trading) of the Act and of Article 17-8 (Resolution of Board of Directors and Publication on Large-Scale Internal Trading) of the Enforcement Decree of the Act, the announcement concerning publication of the stocks for which exercise of the voting right is prohibited as prescribed by provisions of Article 17-2 (Special Case of remedial measures) of the Act and of Article 23-2 (Special Case of remedial measures) of the Enforcement Decree of the Act, and the designation or announcement of a commodity as prescribed by provisions of Paragraph (4) of Article 29 (Restrictions on Resale Price Maintenance) of the Act, the announcement concerning the report of incorporation and conversion of holding companies as prescribed by provisions of Article 15 (Report on Incorporation and Conversion of Holding Companies) of the Enforcement Decree of the Act, and the announcement of the report on status of stockholding of holding companies as prescribed by provisions of Article 15 (Report on Status of Stockholding) of the Enforcement Decree of the Act, and the announcement of the report on combination of enterprises as prescribed by provisions of Paragraph (2), Article 18 (Report, etc. on Combination of Enterprises) of the Enforcement Decree of the Act, and the announcement concerning designation of literary works for which act of maintaining resale prices is permitted as prescribed by provisions of Article 43 (Literary Works for which Act of Maintaining Resale Prices is Permitted) of the Enforcement Decree of the Act, and the announcement of the request for review of international contracts as prescribed by provisions of Paragraphs 1 and 2, Article 48 (Request for Review of International Contracts) of the Enforcement Decree of the Act

B. Announcement of major labeling and advertising as prescribed by provisions of Article 4 (Announcement of Major Labeling and Advertising)

C. Designation and announcement of goods according to industry as prescribed by Paragraph (6), Article 2 (Definitions) of the Subcontract Act; designation and announcement of scope of intellectual and information results as prescribed by Subparagraph (4), Paragraph (12), Article 2 (Definitions) of the same Act; announcement of scope of service in the commission of services as prescribed by Subparagraph (5), Paragraph (13), Article 2 of the same Act; designation and announcement of the scope of substitutional payment methods to notes as prescribed by Subparagraph (4), Paragraph (14), Article 2 of the same Act

D. Specification and announcement of detailed criteria regarding expense request range in cases certain commodities are consumed as prescribed by provisions of Paragraph (2), Article 14 (Range of Expense Request in Cases Certain Commodities Are Consumed) of the Enforcement Decree of the Door-to-Door Sales Act

E. Specification and announcement of matters related to the trade name of mail order business or telemarketer as prescribed by provisions of Paragraph (3), Article 13 (Provisioning of Information on Identification and Trade Conditions) of Act on Consumer Protection in Electronic Commerce, etc. and to labeling, advertising, and notification method of trade conditions, and the specification and announcement of measures that are required of mail order business or telemarketer to identify the supply procedure of commodities and implementation status as prescribed by provisions of Paragraph (3), Article 15 (Supply, etc. of Commodities) of the Act

F. Announcement of proper wholesale prices as prescribed by provisions of Paragraph (3), Article 3 (Definition of Franchise Fee) of the Enforcement Decree of the Franchise Act the announcement of detailed information release as prescribed by provisions of Paragraph (4), Article 4 (items to be Recorded in Disclosure Document) of the    Enforcement Decree of the Act the deposit, payment, and return of the franchise fee according to Paragraph (8), Article

5-8 (Deposit, Payment, and Return of the Franchise Fee) of the Enforcement Decree of the Act; the announcement of standard styles for Disclosure Document as prescribed by provisions of Article 7 (Standard Styles for Disclosure Document) of the Enforcement Decree of the Act the announcement of detailed data regarding labeling, advertising or explanation of return as prescribed by provisions of Paragraph (2), Article 9 (Data Related to Labeling, Advertising or Explanation of Return) of the Enforcement Decree of the Act the announcement of the types and criteria of detailed  unfair trade practices as prescribed by provisions of Paragraph (2), Article 13 (Types and Criteria of unfair trade practices) of the Enforcement Decree of the Act the announcement of detailed standards for damage compensation insurance contracts, the content and procedures for damage compensation, and the use of insurance covers according to Paragraph (2), Article 16-2 (Damage Compensation Insurance Contracts for Franchisees) of the Enforcement Decree of the Act; the announcement of the necessary matters for the qualification exams according to Paragraph (11), Article 28 (Qualification Exam of Franchisees) of the Enforcement Decree of the Act; the announcement on necessary matters for the issuance of qualification certificates according to Paragraph (2), Article 30 (Internships of Franchisees) of the Act; the announcement of necessary matters for the registration and renewal of franchisees according to Paragraph (5), Article 32 (Registration, Etc. of Franchisees) of the Enforcement Decree of the Act; the announcement of continuing education as prescribed by provisions of Article 31 (Cancellation of Registration and Suspension of Qualification) of the Act the announcement of matters necessary for the process and method of designation of educational institutions, and matters necessary for profitable business according to Paragraph (5), Article 31-2 (Education, Etc. on Franchise Business Transactions) of the Act

G. Matters necessary for the disclosure of information on the prepaid installment transaction dealer as prescribed by Paragraph (4), Article 13(Procedure for Disclosure of Information on Prepaid Installment Transaction Dealers) of the Decree to the Subcontract Act; matters

necessary for specific method and procedure of information disclosure on violations by prepaid installment transaction dealers as prescribed by Paragraph (3), Article 24 (Information Disclosure, Etc. on Violations, Etc.); matters necessary for the deposit, payment, and return of advanced payment as prescribed by Subparagraph (6), Paragraph (2), Article 11 (Deposit of reserves of Advanced Payments and Payment of Deposits) of the Enforcement Rules; matters necessary for issuing process and content of certificates for compensation of consumer damage as prescribed by Paragraph (3), Article 12 (Issuing Procedure, Etc. of Certificates for Compensation of Consumer Damage)

5. Matters related to establishment or announcement of guidelines falling under any of the following items:

A. Guidelines for prevention of unfair trade practices as prescribed by provisions of Paragraph (3), Article 23 (Prohibition of unfair trade practices) of the Fair Trade Act, and the guidelines to be observed by the enterprisers organization as prescribed by provisions of Paragraph (3), Article 26 (Prohibited Activities of enterprisers organization)

B. Guidelines for consumer protection as prescribed by provisions of Paragraph (1), Article 33 (Establishment, etc. of Guidelines for Consumer Protection) of the Door-to-Door Sales Act

C. Guidelines for consumer protection as prescribed by provisions of Paragraph (1), Article 23 (Establishment, etc. of Consumer Protection Guidelines in Electronic Commerce Transactions, etc.) of Act on Consumer Protection in Electronic Commerce, etc.

6. Matters related to designation or announcement falling under any of the following items:

A. The announcement of the rate of additional dues for surcharge in arrears as prescribed by provisions of Article 55-6 (Collection of Surcharge and Surcharge in Arrears) of the Act and of Article 61-2 (Collection of Surcharges and Additional Dues) of the Enforcement Decree of the Act, the announcement of the rates of additional amount to refund as prescribed by

provisions of Article 55-7 (Additional Payment for Refund of Surcharge) of the Act and Article 64-4(Rates of Additional Amount to Refund) of the Enforcement Decree of the Act, and the announcement of detailed criteria for imposing surcharge as prescribed by provisions of Article 9 (Methods for Computing Surcharge) and Paragraph (3), Article 61 (Criteria for Imposing Surcharge) of the Enforcement Decree of the Act

B. Announcement of detailed criteria for imposing surcharge, etc. as prescribed by provisions of Article 12 (Methods of Calculating Surcharge) of the Enforcement Decree of the Labeling and advertising Act

C. Announcement of interest rates as prescribed by provisions of Paragraph (3), Article 11 (Prohibition against Unfair Reduction) and Paragraph (7), Article 13 (Payment of the Subcontract Amount, etc.) and discount rates as prescribed by provisions of Paragraph (8), Article 8 (Payment of the Subcontract Amount, etc.) of the Subcontract Act, the announcement of interest rates for late payment of advance money, etc. as prescribed by provisions of Article 6 (Payment of Advance Money) of the Act, and the announcement of interest rates for late payment of customs due refunds as prescribed by provisions of Paragraph (3), Article 15 (Payment of Customs Due, etc. Refunds)

D. Announcement of interest rates for late payment as prescribed by provisions of Paragraph (2), Article 9 (Effect of Subscription Withdrawal) of the Door-to-Door Sales Act

E. Announcement of interest rates for late payment as prescribed by provisions of Paragraph (2), Article 18 (Effect of Subscription Withdrawal) of the Act on Consumer Protection in Economic Commerce Transactions

F. Announcement on detailed process for surcharge imposition under Paragraph (2), Article 34 (Surcharge Calculation Method, Etc.) of the Enforcement Decree of Fair Franchise Transactions Act

7. Matters related to establishment or announcement of guidelines falling under any of the following items:

A. Establishment or revision of regulations as prescribed by provisions of Paragraph (2),

Article 48 (Provisions concerning Organization) of the Fair Trade Act, the establishment or revision of case procedures as prescribed by provisions of Article 55-2 (Procedures for Dealing With Cases, etc.) of the Act, the establishment or revision of notices as prescribed by provisions of Article 66 (Detailed Regulations of Application) of the Enforcement Decree of the Act

B. Establishment or revision of detailed criteria for imposing surcharges as prescribed by provisions of Article 9 (Surcharge) of the Labeling and advertising Act and Paragraph (3), Article 15 (Criteria for Imposing Surcharge) of the Enforcement Decree of the Act, and the establishment or revision of notices as prescribed by provisions of Article 18 (Detailed Regulations of Application) of the Enforcement Decree of the Act

C. Establishment or revision of notices related to the scope of exemption in payment guarantee of construction subcontracting money as prescribed by provisions of Subparagraph (2), Paragraph (1), Article 3-2 (Fulfillment of Construction Subcontracting Contract and Payment Guarantee) of the Subcontract Act, and the establishment and revision of matters that are necessary for imposing surcharges as prescribed by provisions of Paragraph (3), Article 14-4 (Criteria for Imposing Penalty Points) of the Enforcement Decree of the Act

D. Establishment or amendment of detailed standards necessary for the imposition of surcharges as prescribed by Paragraph (2), Article 31 (Criteria for Imposition of Surcharges) of the Enforcement Decree to the Subcontract Act

8. Matters related to application for and cancellation of the extension of surcharge payment period or payment in installation applied by the person who received the payment order from the Plenary Session as prescribed by provisions of Article 55-4 (Extension of Period of Surcharge Payment and Payment in Installment) of the Fair Trade Act

9. Matters related to the Compulsory Performance Money imposed on a person who fails to

fulfill remedial measures on the combination of enterprises as ordered by the Plenary Session pursuant to Article 17-3 (Compulsory Performance Money) of the Fair Trade Act

10. Verdict on an appeal filed in accordance with Paragraph (2), Article 53 (Appeal Filed) of the Fair Trade Act

② Matters having substantial economic impacts as described in Subparagraph (5), Paragraph (1), Article 37-3 (Subjects of Plenary Session and Subcommittee) of the Fair Trade Act refer to cases falling under any of the following Subparagraphs:

1. Matters that fall under any of the Subparagraphs of Paragraph (1), Article 3-2 (Prohibition of Abuse of Dominant Position in the Market) of the Fair Trade Act and annual  sales turnover in the relevant market is at least KRW100 billion

2. Matters related to ordering of remedial measures, imposition of compulsory performance money or filing of a lawsuit seeking invalidation of a merger or establishment of a company against a large-scale company that has conducted a combination of enterprises in violation of the stipulations of Paragraph (1) or Paragraph (3), Article 7 (Restriction on Combination of Enterprises) of the Fair Trade Act

3. Matters related to a combination of enterprises that was carried out by a large-scale company and that is subject to the stipulations of Paragraph (2), Article 7 (Restriction on Combination of Enterprises) of the Fair Trade Act

4. In case where an enterprise that falls under one of the following categories has committed an act falling under any of the Subparagraphs of Paragraph (1), Article 19 (Prohibition on Unfair Concerted Practices) of the Fair Trade Act:

A. Where the annual sales turnover in the same industry type is at least KRW100

B. Where the contract amount is KRW50 billion or higher in a bid-rigging

5. Matters related to authorization of collaborative acts as prescribed by provisions of Paragraph (2), Article 19 (Prohibition of Unfair Collaborative Acts) of the Fair Trade Act

6. In case where an enterprisers organization that falls under one of the following categories has committed an act falling under any of the Subparagraphs of Paragraph (1), Article 26 (Prohibited Activities of enterprisers organization) of the Fair Trade Act or Paragraph (1), Article 6 (Prohibition of Act of Restricting Labeling and advertising of enterprisers organization) of the Labeling and advertising Act

A. Where the activity was initiated by a enterprisers organization that has branches in more than four (4) metropolitan cities and provinces

B. Where the market size of the participating enterprisers" industry is one trillion won or higher

7. Matters related to authorization or approval of prohibited activities or act of restriction of an enterprisers organization falling under any of the following items:

A. Authorization of anti-competitive acts by enterprisers organizations under Paragraph (2), Article 26 (Prohibited Activities of enterprisers organizations) of the Fair Trade Act and under Article 40 (Authorization of enterprisers organizations for Acts Restricting Competition) of the Decree to the same Act

B. Acceptance of labeling and advertising activities of enterprisers organizations as prescribed by Article 6 (Prohibition against Restriction on Labeling or Advertising by enterprisers organization) of the Act on Fair Labeling and Advertising and by Article 7 (Acceptance Procedure for Restriction on Labeling or Advertising by enterprisers organization ) of the Decree to the same Act.

8. In case where an enterprise group subject to the limitations on mutual investment or a company belonging to such a group commits an unfair trade practice falling under any of the

following items as stipulated in Subparagraphs 1 and 7, Paragraph (1), of Article 23 (Prohibition of unfair trade practices) of the Fair Trade Act to an affiliated company, and the amount of funds supported is at least KRW2 billion or the size of supportive trade is at least KRW20 billion.

9. In case where the amount of trade related to the violation in question is KRW10 billion or more or where the proposed remedy of the examiner is imposition of a surcharge together with remedial measures among violations of an enterpriser falling under any of the following items:

A. Government enterprises that are subject to the Government Organization Act and the Enterprise Budget and Accounts Act

B. Government-Invested Institutions that are subject to the Framework Act on the Management of Government-Invested Institutions

C. Companies contributed by the Government-Invested Institutions wherein a Government-Invested Institution is the major shareholder

D. Government-Contributed Institutions

E. Enterprises that are established based on other special acts

10. In cases where the trade amount related to the violation in question is KRW1 billion or more from among violations of the enterprises whose parent companies are located in a foreign country or where there is a concern for trade friction

11. Where the case is deemed important among the accretion requested by the Chief Prosecutor or the Chief Prosecutor" Office as prescribed by provisions of Paragraph (3), Article 71 (Accretion) of the Fair Trade Act

③ Despite the stipulations of Paragraphs1 and 2 and Paragraph (1) of Article 5, the concerned case, etc. can be presented to the Plenary Session where it is deemed necessary by the chairman or the subcommittee.

Article 5 (Subjects to Be Deliberated and Determined by Subcommittee)

① Subjects that fall under any of the following Subparagraphs can be deliberated and determined by the subcommittee:

1. Subjects the remedial measures of which are ordered in accordance with the stipulations of the following regulations:

A. Article 5 (remedial measures), Article 16 (remedial measures) (Limited to the combination of enterprises effected by enterprises other than large-scale companies), Article 21 (remedial measures), Article 24 (remedial measures), Article 27 (remedial measures), Article 30 (Modification of Resale Price Maintenance), Article 31 (remedial measures), and Article 34 (remedial measures) of the Fair Trade Act

B. Paragraph (3), Article 6 (Prohibition of Act of Restricting Labeling and advertising of enterprisers organization) and Article 7 (remedial measures) of the Labeling and advertising Act

C. Article 25 (remedial measures) of the Subcontract Act

D. Article 17-2 (remedial measures) of the Standardized Contracts Act

E. Article 42 (remedial measures) of the Door-to-Door Sales Act

F. Article 32 (remedial measures) of Act on Consumer Protection in Electronic Commerce, etc.

G. Article 33 (remedial measures) of the Franchise Act

H. Article 39 (remedial measures), Article 40 (Shutting Down of Business) of the Installment Transactions Act

2. Matters related to imposition of surcharge and payment of compulsory performance money in accordance with the following regulations:

A. Article 6 (Surcharge), Article 17 (Surcharge), Article 22 (Surcharge), Article 24-2 (Surcharge), Article 28 (Surcharge), Article 31-2 (Surcharge) and Article 34-2 (Surcharge) of the Fair Trade Act

B. Matters related to extension of payment period of surcharges and application for installment payment filed by the person who has received the payment order from the subcommittee pursuant to stipulations of Article 55-4 (Extension of Period of Surcharge Payment and Payment installments) of the Fair Trade Act

C. Matters related to compulsory performance money that is imposed on the person who has failed to perform remedial measures regarding combination of enterprises as ordered by the subcommittee pursuant to Article 17-3 (Compulsory Performance Money) of the Fair Trade Act

D. Article 9 (Surcharge) of the Labeling and advertising Act

E. Article 25-3 (Surcharge) of the Subcontract Act

F. Article 44 (Surcharge) of the Door-to-Door Sales Act

G. Article 34 (Surcharge) of the Act on Consumer Protection in Economic Commerce Transactions

H. Article 35 (Surcharge) of the Franchise Act

I. Article 42 (Surcharge) of the Installment Transaction Act

3. Matters related to authorization or approval that falls under any of the following items:

A. A combination of enterprises that is carried out by enterprises other than large-scale companies and that is subject to stipulations of Paragraph (2), Article 7 (Restriction on Combination of Enterprises) of the Fair Trade Act

B. Deleted.

C. Ex officio decision on stocks incapable of exercising its voting right as stipulated in Paragraph (3), Article 17-2 (Special Case of remedial measures, etc.) of the Fair Trade Act and designation of stocks incapable of exercising its voting right as stipulated in Paragraph (4), Article 18 (Enforcing Compliance with remedial measures) of the Act

4. Matters related to filing of a lawsuit seeking nullification of a merger or establishment of a company where such events are effected by a combination of enterprises carried out by enterprises other than large-scale companies as described in the stipulations of Paragraph (2), Article 16 (remedial measures) of the Fair Trade Act

5. Matters related to an examination of fair competition agreement as described in the stipulations of Paragraph (5),Article 23 (Prohibition of unfair trade practices) of the Fair Trade Act

6. Matters related to the decision on suspension of enforcement as described in the stipulations of Paragraph (1) and on its revocation as described in the stipulations of Paragraph (2), Article 53-2 (Suspension of Enforcement of Orders for remedial measures) of the Fair Trade Act

7. Matters related to the decision on extension of the time period allowed to pass a verdict on appeal as described in the stipulations of Article 53 (Appeal Filed) of the Fair Trade Act

8. Matters related to the review of verification data as described in the stipulations of Paragraph (3), Article 5 (Verification of Content of Labeling and advertising) of the Labeling and advertising Act, and matters related to there lease of verification data as described in the stipulations of Paragraph (4), Article 5 of the Act and Paragraph (1), Article 6 (Release of Verification Data) of the Enforcement Decree of the Act

9. Matters related to an imposition of following surcharges and an order for their payment:

A. Article 69-2 (Fine of Negligence) of the Fair Trade Act
B. Article 20 (Fine of Negligence) of the Labeling and advertising Act
C Article 30 (Fine of Negligence) of the Subcontract Act

D. Article 34 (Fine of Negligence) of the Standardized Contracts Act

E. Article 58 (Fine of Negligence) of the Door-to-Door Sales Act

F. Article 45 (Fine of Negligence) of the Consumer Protection in Electronic Commerce Transactions Act

G. Article 42 (Fine of Negligence) of the Franchise Act

H. Article 53 (Fine of Negligence) of the Installment Transaction Act

10. Matters related to requests for cooperation from competent authorities subject to the following regulations:

A. Matters related to the requests for necessary cooperation as per the stipulations of Article 14-4 (Requests for Confirmation of Documents before Competent Authorities) and Paragraph (3), Article 64 (Cooperation from Chief Officer of Competent Authority, etc.) of the Fair Trade Act, and the filing of complaints against those who have violated the stipulations of Article 66   (Penal Provisions) to Article 69 (Penal Provisions)

B. Matters related to the requests for necessary cooperation as per the stipulations of Paragraphs 2, 3 and 4 of Article 15 (Cooperation from Chief Officer of Competent Authority, etc.) of the Labeling and advertising Act, and the filing of complaints   against those who have violated the stipulations of Article 17 (Penal Provisions) and Article 18 (Penal Provisions)

C. Matters related to the restriction on qualification to participate in the bid and the request for suspension of business, etc. as described in the stipulations of Paragraph (2), Article 26 (Cooperation from Chief Officer of Competent Authority) of the Subcontract Act and the filing of complaints against those who have violated the stipulations of Article 30 (Penal Provisions)

D. The filing of complaints against those who have violated the stipulations of Article 32 (Penal Provisions) of the Standardized Contracts Act and the request for correction or recommendation for correction as prescribed by provisions of Article 18 (Stipulations of Approval of the Competent Authority)

E. Matters related to the requests for necessary cooperation as per the stipulations of Article 36 (Cooperation from Chief Officer of Competent Authority) of the Franchise Act andthe filing of complaints against those who have violated the stipulations of Article 41　(Penal Provisions)

F. Matters concerning requests for mediation under Paragraph (1), Article 43 (Requests to Mediate Disputes over Consumer Damage) of the 「Door-to-Door Sales, Etc. Act」 and the filing of claims against violators of Article 51 (Penal Provisions) to Article 56 (Penal Provisions)

G. Matters concerning requests for mediation under Paragraph (1), Article 33 (Requests to Mediate Disputes over Consumer Damage) of the 「Act on the Consumer Protection in the Electronic Commerce Transactions, Etc.」 and the filing of claims against violators of Article 40 (Penal Provisions) to Article 43 (Penal Provisions)

H. Matters concerning requests for mediation under Paragraph (1), Article 41 (Requests to Mediate Disputes over Consumer Damage) of the 「Installment Transactions Act」 and the filing of claims against violators of Article 48 (Penal Provisions) to Article 51 (Penal Provisions)

11. Matters related to a temporary suspension order as described in the stipulations of Article 8 (Temporary Suspension Order) of the Labeling and advertising Act

12. Matters related to an examination of voluntary code as described in the stipulations of Article 14 (Voluntary Code of Labeling and advertising) of the Labeling and advertising Act

13. Matters related to an examination of Standardized Contracts as described in the stipulations of Article 19 (Request for Examination of Standardized Contracts) of the Standardized Contracts Act

14. Matters related to the measures for stoppage of infringement as described in the stipulations of Article 24 (Request for Stoppage of Infringement of Consumers, etc.) of the Door-to-Door Sales Act

② Despite stipulations of Paragraph (1), the concerned case may be presented to the subcommittee where it is deemed necessary by the chairman.

Article 6 (Proceedings and Quorum of Resolution)

① Proceedings of the Plenary Session shall be presided over by the chairman of the Fair Trade Commission (Hereinafter referred to as the "Chairman"), and resolutions shall be passed with the concurrent vote of a majority of all members.

② In Paragraph (1), if the chairman is unable to carry out his duties due to any accident, the vice-chairman shall act for him. If both of the chairman and the vice-chairman are unable to perform their duties due to any accident, standing commissioners shall act for them in the order of seniority.

③ Proceedings of a subcommittee shall be presided over by one of the standing members, and resolutions shall be passed with the presence of all members, and by a unanimous vote of the members present.

④ In case where there is a member in the subcommittee who is challenged, discharged or withdrawn as described in the stipulations of Article 44 (Challenge, Recusal, and Refrainment of Members) of the Fair Trade Act, the chairman may either have the concerned case deliberated in another subcommittee or designate members of other subcommittee to this subcommittee only for the concerned case.

⑤ In case of emergency, the chairman may convene the Plenary Session or a subcommittee

immediately.

Article 7 (Meeting Assistant, etc.)

① One meeting assistant shall be posted to handle such matters as writing and distribution of the items to be put on the agenda of a Plenary Session and Subcommittee (hereinafter referred to as "each session").

② The meeting assistant shall come from among officer for General Committee Mangemant or senior-deputy directors under the General Counsel.

③ The meeting assistant shall write agenda of committee to clarify the schedules of the committee to be convened, and then distribute those to each member and relevant sections of the secretariat office after having those sanctioned by Chairman.

④ The meeting assistant shall write the minutes of meetings and then keep those after reporting those to the subsequent session, except in unavoidable circumstances. Provided that the minutes of meetings may be replaced by tape-recording of each session.

⑤ The General Counsel may attend each Session and state opinion on legal principles and the like in connection with agenda.

Article 8 (Classification of Agenda)

① The meeting assistant shall write agenda by classifying those into items decided on, items to be resolved, items to be reported, or items to be discussed, after discussing with the chairman of each session.

② Items decided or to be resolved in Paragraph (1) shall mean the items which were decided on or which have to be resolved on at each Session. Provided that these items decided or items to be resolved shall include such politic agenda as items containing an examinee and politic decisions.

③ Items to be reported, in Paragraph (1), shall mean agenda which do not require any discussion at each session and have only to be reported to the secretariat.

④ Items to be discussed, in Paragraph (1), shall mean the items which need to be concluded through free discussions among members prior to decision or resolution at each session. The chairman of each session may change items into ones to be decided or resolved during the course of a meeting if the chairman deems it appropriate to do so

Article 9 (Application mutatis mutandis of the Procedures for Dealing with Cases)

Each session may apply mutatis mutandis each provision of Chapter 3 (Procedures for Dealing with Cases), in case where those are deemed necessary to deal with the items stipulated in Article 4 (Subjects of Plenary Session Deliberation, Determination, and Resolution) and Article 5 (Subjects of Subcommittee Deliberation, Determination, and Resolution).

## Chapter 3 Procedures for Dealing with Cases

### Section 1 Proceedings for Investigation and Examination

Article 10 (Pre-Examination)

① In cases where the secretary general becomes suspicious of violations of the provisions of the Fair Trade Act, the Labeling and advertising Act, the Subcontract Act, the Regulation of Standardized Contracts Act, the Door-to-Door Sales Act, Act on Consumer Protection in Electronic Commerce, etc. or the Franchise Act pursuant to Article 49 (Identification and Reporting of Violations) of the Fair Trade Act, Paragraph (2) of Article 16 (Application mutatis mutandis of the Monopoly Regulation and Fair Trade Act) and Paragraph (2) of Article 8 (Temporary Suspension Order) of the Labeling and advertising Act, Article 22 (Reporting of Violations, etc.) of the Subcontract Act, Article 19 (Request for Examination of Standardized Contracts, etc.) of the Standardized Contracts Act, Paragraphs 1 and 4 of

Article 37 (Investigation of Violations, etc.) and Article 24 (Request for Stoppage of Infringement of Consumers, etc.) of the Door-to-Door Sales Act, or Paragraphs 1 and 4 of Article 26 (Investigation of Violations, etc.) of Act on Consumer Protection in Electronic Commerce, etc., and Paragraph (1) of Article 37 (Application mutatis mutandis of the Monopoly Regulation and Fair Trade Act), or Article 47 (Application mutatis mutandis of the Monopoly Regulation and Fair Trade Act) of the Installment Transaction Act; or, where the secretary general receives a report (including a report received on an internet, but excluding a report received from consultations or fair trade monitoring members or on a fair trade civil information service network system), a temporary suspension request, a request for examination, or a request for stoppage of infringement of such violations, the secretary general may have the cases pre-investigated or pre-examined by the examining official (hereinafter referred to as the "Examiner") prior to the commencement of the examining procedures as stipulated in Article 11 (Commencement of the Examining Procedures).

② The person who wishes to file a report or an examination application stipulated in Paragraph (1) shall submit to the Commission a report or an examination request according to the letter form set forth in the following subparagraphs:

1. Report pursuant to Paragraph (2) of Article 49 (Identification and Reporting of Violations, etc.) of the Fair Trade Act: letter form in Annexed Pages No. 1 to 3

2. Report or dispute mediation application pursuant to Paragraph (1), Article 48-6 (Application for Dispute Mediation) and Paragraph (2), Article 49 (Recognition and Report of Violation) of the Fair Trade Act, to Paragraph (1) & 2, Article 53-4 (Application for Dispute Mediation): letter form in Annexed Page No.3-1

3. Report pursuant to Paragraph (1) of Article 37 (Application mutatis mutandis of the Monopoly Regulation and Fair Trade Act) of the Franchise Act: letter form in Annexed Page No. 4

4. Request for examination pursuant to Article 19 (Request for Examining Contracts, etc.) of the Standardized Contracts Act: letter form in Annexed Page No. 5

5. Report pursuant to Paragraph (2) of Article 16 (Application mutatis mutandis ofthe Monopoly Regulation and Fair Trade Act) of the Labeling and advertising Act: letter form in Annexed Page No. 6

6. Report pursuant to Paragraph (4) of Article 26 (Investigation of Violations, etc.) of Act on Consumer Protection in Electronic Commerce, etc.): letter form in Annexed Page No. 7

7. Report pursuant to Paragraph (4) of Article 37 (Investigation of Violations, etc.) of the Door-to-Door Sales Act: letter form in Annexed Page No. 8

8. Report pursuant to Article 22 (Report of Violations, etc.) of the Subcontract Act and to Article 5 (Report and Notification of Violations) of the Enforcement Decree thereof: letter form in Annexed Page No. 9

9. Report pursuant to Paragraph (4), Article 35 of the Installment Transaction Act: letter form in Annexed Page No. 10

③The Examiner may request the reporter to supplement a report or an examination request in case where such a report or an examination request was not prepared on the letter form set forth in Paragraph (2) or has not sufficient contents.

④The Examiner may have the investigating official investigate and pre-examine the fact set forth in Paragraph (1). Provided that, in case of report, he shall make sure to have each team leader belonging to the Examiner or section chief (in case of local office) decide directly whether to perform an investigation and pre-examination of Paragraph (1) or not, without having it handled by the officials belonging to the division in charge.

⑤With regard to the proviso of Paragraph (4), the team leader belonging to the Examiner or the section chief (in case of rural office) shall determine whether the fact reported falls under any of the subparagraphs of Article 12 (Cases where the Examining Procedures may not Commenced) and report it to the Examiner without delay.

⑥The Examiner shall come, according to the Regulation of the Organization of the Fair Trade Commission, from among general manager, trial management officer, team leader or chief officer of the local office who control the businesses covering relevant cases.

⑦In case where the secretary general deems it unclear what division the relevant case belongs to or deems it inappropriate for the examiner set forth in Paragraph (6) to examine the relevant case, the secretary general may designate the Examiner from among the officials of the 4th grade or above belonging to the Fair Trade Commission or the officials belonging to the Senior Civil Service.

Article 10-2 (Procedure for Mediation of Disputes)

① Upon receiving a request for dispute mediation under Paragraph (1), Article 48-6 (Applying for Mediation) of the Fair Trade Act and under Paragraph (1) and Paragraph (2), Article 53-4 (Applying for Mediation) of the Decree to the same Act, the Secretary General may order the Examiner to examine according to Paragraph (2), Article 48-6 (Applying for Mediation) of the same Act.

② Any person wishing to request dispute mediation as provided in Paragraph (1) shall do so following the format of Attached Table 3-1.

③ If the reporter or applicant for dispute mediation chooses both a report on violations of fair trade and an application for dispute mediation, the Commission shall not make decisions pursuant to Articles 51 (Recommendation for Correction) to 53 (Decision to Prosecute, Etc.) until the dispute mediation has ended under Paragraph (5), Article 48-7 (Mediation) of the Fair Trade Act.

Article 11 (Commencement of Examining Procedures)

① In case where the Examiner deems the investigated or pre-examined case pursuant to the provisions of Paragraph (1) of Article 10 (Pre-Examination) not to fall under any of the Subparagraphs set forth in Article 12 (Cases where the Examination Procedures may not be Commenced), the Examiner shall report the following Subparagraphs to Chairman in writing

or on an electronic network (hereinafter referred to as the "Report of the Case Examination Commencement"). The examiner shall report on the initiation of case investigation within 15 days (excluding the time for supplementing information. The same shall apply hereinafter) of receiving claim on the reported case (excluding violations of the Standardized Contracts Act), but for cases in which the factual relations are complicated, the 15-day period may be extended once. For cognizance case,, the examiner shall report on the initiation of case investigation within 30 days of finishing on-site investigation or, if on-site investigation was not carried out, of submitting all required materials; incase of unavoidable circumstances, the report on the initiation of case investigation may be extended by the Secretary General's authority upon specifying the extension reason and period.

1. Name of case

2. Clue for case

3. Outline of case

4. Relevant legal provisions

② The trial management officer shall provide a case number where the officer gets Report of the Case Examination Commencement set forth in Paragraph (1).

③ In case the Examiner or the investigating official submits a Report of the Case Examination Commencement pursuant to Paragraph (1) concerning report of a case, it may be notified to the reporter thereof.

④ Upon an examiner's or investigating official's reporting on the initiation of case investigation pursuant to Paragraph (1), the investigatee shall be given written notification within 15 days of making such report. Note, however, that if there is concern of impeding the purpose of investigation, such as falsification and destruction of data or items, the above shall not apply.

⑤ Upon an examiner's or investigating official's reporting on the initiation of case investigation pursuant to Paragraph (1), the reporter and investigatee shall be given written

notification of the investigation progress within 3 months of making such report. Note, however, that if there is concern of impeding the purpose of investigation, such as falsification and destruction of data or items, the above shall not apply.

Article 11-2 (Criteria for Determining the Number of Violations)

① The number of violations shall be determined in reference to resolution documents, but in cases where violations are deemed to be of the same nature such violations shall be considered a single violation.

②Violations of the same nature refers to violations that may be seen as a single violation with regards to specific factual relations, even if they have been resolved as distinct cases.

③ The same nature of violations shall be determined by comprehensively taking into account the sameness of content and type of act, form of act, damage to legal principles, motive for violation, etc.

Article 11-3 (Standard for Case Consolidation)

① Examiners may consolidate cases with different case numbers and deal with them altogether only when those cases have the same respondents and their involved behaviors are similar and punishable under the same provisions.

② During the period from reporting the initiation of case investigation to the submission of investigation report to each session or committee, the examiner may consolidate and resolve multiple cases before submitting to each

③ If cases have been consolidated and resolved pursuant to Paragraph (1) and 2, the number of violations shall be computed according to the criteria in Paragraph (1), Article 11-2.

④ If cases have been consolidated and resolved pursuant to Paragraph (1) and 2, the number of violations according to Paragraph (3) shall be taken into account while computing penalty points as follows.

1. Penalty points shall be computed according to Section 13, Part II of the 「Announcement on Detailed Standards, Etc. for the Imposition of Surcharges」 for violations of the Fair Trade Act

2. Penalty points shall be computed according to [Attached Table 3] of Paragraph (1), Article 17 of the 「Act on Fair Labeling and Advertising」 for violations of the Subcontract Act

3. Penalty points shall be computed according to Section 10, Part II of the 「Announcement of Detailed Standards for the Imposition of Surcharges upon Violators of the Act on Fair Labeling and Advertising」 for violations of the Act on Fair Labeling and Advertising.

Article 11-4 (Transmittal for Handling)

 In case where the provisions of handling a case are stipulated in relevant laws or decrees or notices, etc, concerning a reported case applicable to the  fair competition agreement, the Examiner may transmit the case to the relevant business entity for preferential handling.

Article 11-5 (Autonomous Handling of Consumer-incurred Damage Case)

① In case where a consumer reported case falls under any of the following items in connection with violations of the Labeling and advertising Act, the Door-to-Door Sales Act, Act on Consumer Protection in Electronic Commerce, etc., and Subcontract Act, the Examiner may notify the relevant enterprise thereof for it can be handled autonomously.

1. The object of the case reported by the consumer is individual remedy

2. The enterpriser has adopted and is substantially operating the autonomous administrating program for consumer complaints in accordance with the criteria set forth by the Fair Trade Commission

3. The consumer accepts the autonomous handling with the enterpriser.

② In case the Examiner has made the enterpriser handle cases autonomously pursuant to Paragraph (1), it is possible not to commence the investigation or examination proceedings.

③ Notwithstanding Paragraphs (1) and (2), Paragraph (2) shall not be applicable in case a consumer report falls under any of the following Subparagraphs:

1. Reported case comprising multiple sufferers of damage

2. In case where autonomous handling is not completed with certain period set forth by the Fair Trade Commission.

3. In case where the Examiner deems it conflicting with public interest or inappropriate to handle autonomously.

Article 12 (Cases where the Examination Proceedings may not be Commenced)

① In case where the Examiner deems the case, in Paragraph (1) of Article 10 (Pre-Examination) after pre-examination thereof to fall under any of the following Subparagraphs, he may decide not to commence the examination proceedings.

1. Where the requirements for the "enterpriser" as defined in Subparagraph (1) of Article 2 (Definitions) of the Fair Trade Act are not satisfied

2. Where it falls under each Article of Chapter 12 (Exemption from Application) of the Fair Trade Act

3. Where the time period stipulated in Paragraph (4) of Article 49 (Recognition and Reporting of Violations, etc.) of the Fair Trade Act has elapsed (excluding the case of the proviso)

4. Where the requirements for "sub-contracting transactions", "prime enterpriser", "supplied enterpriser" pursuant to the provisions of Paragraphs 1 through 3 of Article 2 (Definitions) of the Subcontract Act are not satisfied

5. Where the time period pursuant to the provisions of Article 23 (Restrictions on Transactions for Examination) of the Subcontract Act has elapsed

6. Where the requirements for "Standardized Contracts" and "Enterpriser" pursuant to the provisions of Paragraphs 1 and 2 of Article 2 (Definitions) of the Regulation of Standardized Contracts Act are not satisfied

7. When a person asks to examine certain provisions of a cohesion contract under Article 19 (Request for Adhesion Constract Examination, Etc.) of the Adhesion Contract Act but the provisions in question were already modified or deleted

8. Where it applies to the "Standardized Contracts" pursuant to the provisions of Article 30 (Scope of Application) of the Standardized Contracts Act

9. Where a requester requests for an examination of the provisions of the Standardized Contracts acts approved by the Commission

10. Where the requirements of Article 2 (Definitions) of the Door-to-Door Sales Act are not satisfied and accordingly said Act is not applicable

11. Where the case falls under each Paragraph of Article 3 (Exemption from Application) of the Door-to-Door Sales Act and where other law pursuant to the latter part of Article 4 (Relation with Other Laws) is applicable

12. Where the period specified in Paragraph (5), Article 38 (Investigation, Etc. of Violations) of the Door-to-Door Sales Act has passed

13. Where the requirements in the provisions of Article 2 (Definitions) of the Act on Consumer Protection in Electronic Commerce, etc. are not satisfied and accordingly said Act is not applicable

14. Where the case falls under each Paragraph of Article 3 (Exemption from Application) of the Act on Consumer Protection in Electronic Commerce, etc. and where other law pursuant to the latter part of Article 4 (Relation with Other Laws) is applicable

15. Where the period specified in Paragraph (5), Article 26 (Investigation, Et.c of Violations) of the Act on the Consumer Protection in the Electronic Commerce Transaction, Etc. has passed

16. Where the provisions of Article 2 (Definitions) of the Franchise Act are not satisfied and where the case is applicable to the provisions of Article 3 (Exclusion of Application)

17. Where the period specified in Article 32 (Restriction on Activities subject to Investigation) of the Franchise Act has passed

18. Where the conditions of Article 2 (Definitions) of the Installment Transaction Act are not satisfied and therefore not subject to application of the same Act

19. Where the conditions of each Subparagraph of Article 3 (Exemption) apply and other laws are applied in accordance with the latter part of Article 4 (Relation with other Laws)

20. Where the period specified in Paragraph (5), Article 35 (Investigait on of Violations) of the Installment Transaction Act as passed

21. Where the Examiner is not able to request for a supplement of report which was submitted un-inscribed or in a false name or are not clear in its contents, or where the requester does not respond to the request to supplement within a designated period of time, or where the contents supplemented are not clear or were written false

22. Where the reporter withdraws report

23. Where the respondent has withdrawn request for deliberation on warning resolution under Paragraph (6), Article 53-2 (Examiner's Arbitrary Decision, Etc.)

24. Where the appellant or request or for suspension of enforcement  has withdrawn applications in accordance with Article 68 (Withdrawal of Appeal)

25. Where report of an enterpriser who is dead, whose business is dissolved or closed or who has the similar causes is submitted

26. Where the Examiner ex officio recognizes the same violations that was already settled, or where anther reporter submits report of the same violations

27. Where the criteria stipulated in Paragraph (1) of Article 55-4 (Extension of Period of Surcharge Payment and Payment in Installments) of the Fair Trade Act and Paragraph (1) of Article 62 (Criteria and Limitations of Permission of Extension of Period of Surcharge Payment and Payment in Installments) of the Enforcement Decree of said Act are not

reached, or where the time period as stipulated in Paragraph (2) of said Article of said Act has elapsed

28. Other cases where the Fair Trade Act, Fair Labeling and Advertising Act, Subcontract Act, Standardized Contract Act, Door-to-Door Sales Act, Consumer Protection in Electronic Commerce Act, and Installment Transaction Act do not apply

29. Where it is recognized that the case is not applicable to the Fair Trade Act, the Labeling and advertising Act, the Subcontract Act, the Standardized Contracts Act, the Door-to-Door Sales Act, Act on Consumer Protection in Electronic Commerce, etc., the Franchise Act, or the Installment Transaction Act

②In case where the Examiner decides not to commence the examining procedures as it is applicable to Paragraph (1), he may give written notification to the reporter, the requester for temporary suspension order, the requester for examination (hereinafter referred to as the "Reporter, etc."), or the examinee thereof within 15 days from the decision

③ Paragraph (5) (Examiner's Approval, Etc.), Article 53-2 shall be applied to notification process under Paragraph (2).

Article 13 (Case of Re-Report, etc.)

①In case a report on a case which has already been resolved (hereinafter referred to as "re-report") is deemed to fall under any of the reasons in each Subparagraph of Article 45 (Order for Re-Examination), the Examiner shall report the initiation of case examination to the Chairman pursuant to Paragraph (1) of Article 11 (Commencement of Examination Procedures).

②In case of a re-report, the Examination Committee for Re-reported Cases (hereinafter referred to as "Examination Committee") shall decide whether to initiate examination on the reported case.

③The Examination Committee shall consist of 1 standing member and 2 officials designated by the standing member, and the standing member shall serve as chairman.

④When sending the re-reported case to the Examination Committee, the Examiner shall draft and submit a review report filled out with the reporter, facts of the case, statements by the reporter, and corresponding review opinion of examiner to the Examination Committee.

⑤In order to carry our examinations under Paragraph (2), the Examination Committee may accept opinions of the case's reporter or reportee if necessary.

⑥If it is deemed the re-reported case involves any reasons that fall under any of the Subparagraphs in Article 45 (Order for Re-Examination), the Examination Committee may decide on the initiation of case examination and notify the examiner.

⑦ An examiner initiating case examination under Paragraph (1) or Paragraph (6) (in which case the case title should read "Re-report") may order the investigating official who initially resolved the case and another investigation official to carry out investigations and pre-examinations pursuant to Paragraph (1), Article 10 (Pre-Examination).

Article 14 (Summons)

If an examiner or investigating member public official  aims to listen to opinions of involved parties, stakeholders or reference persons under Subparagraph (1), Paragraph (1), Article 50 (Investigation, etc. of Violations) of the MRFTA and Paragraph (1), Article 55 (Investigation, etc. by the Fair Trade Commission) of the Enforcement Decree of the Act or listen to statement in places other than the office or business place under Paragraph (2), Article 50 (Investigation, etc. of Violations) of the Act or Paragraph (1), Article 56 (Investigation, etc. of Member Public Officials) of the Enforcement Decree of the Act, he/she shall issue a   summon stating details as follows:

1. Name of case

2. Name of counterpart

3. Time, date and place for attendance

4. Legal sanctions against noncompliance

Article 15 (Statement Report)

① If an examiner or investigating member public official listened to opinions of involved parties, stakeholders or reference persons under Subparagraphs 2 and 2, Paragraph (1), Article 50 (Investigation, etc. of Violations) of MRFTA, he/she shall make a statement report, if necessary.

② The statement report mentioned in the Paragraph (1) above shall include the name of a stater, his/her contact number, date and place of the statement, and statement details. If those details were read or reveiwed by a stater to check their correctness and the stater made a request to add, remove or modify some of them, such statement shall be written in the report. If the stater confirmed there were no miswriting, the stater shall be made to set an indenting stamps to and sign and seal the report and an involved investigting member public official shall sign and seal the report. If the stater refuses to sign and seal, such shall be describe in the report.

Article 16 (Report and Submission Order)

If an examiner or investagating member public official issues a written order to require an enterpriser or enterprisers' organization to report or submit additional necessary data or materials under Subparagraph (3), Paragraph (1), Article 50 (Investigation, etc. on Violations) of the MRFTA and Paragraph (3), Article 55 (Investigation, etc. by the Fair Trade Commission), such a written order shall specify the followings:

1. Name of case

2. Time, date and place to report or submit

3. Data and materials to report or submit

4. Legal sanctions against noncompliance of order

Article 17 (Drawing-up and Providing of Custody Report)

①In case where the Examiner or the examining official wishes to detain data or materials which were submitted by the enterpriser or the enterprisers organization, etc. pursuant to the provisions of Subparagraph (3) of Paragraph (1) and Paragraph (3) of Article 50 (Examination of Violations, etc.) of the Fair Trade Act, he shall draw up and provide a custody report.

②The name of case, particulars of detained materials, date of detainment, name and address of owner or submittal shall be written in the custody report in Paragraph (1).

③In case where the custodial data or materials are not required to be custody any more, the Examiner or the examining official shall immediately return those to owner or submitter, except for the cases where it is difficult to locate the place of owner or submitter or where there are other inevitable circumstances.

④The custodial materials may be temporarily returned at the request of owner or submitter.


Article 18 (Designation of Appraiser and Request for Appraisal)

① If an examner tries to designate an individual(s) or organization(s) with relevant experties or experiences for the purpose of investigating a case according to Subparagraph (2), Paragraph (1) of Article 50 (Investigation, etc. of Violations) of the Act and Paragraph (2), Article 55 (Investigation, etc. by the Fair Trade Commission) of the Enforcement Decree, the examiner shall receive KFTC Secretary General's approval on a written document specifying the followings:

1. Name of case

2. Name or title of appraiser

3. Period of appraisal

4. Purpose and contents of appraisal

5. Legal sanctions against false appraisal

②The Examiner shall not designate a person falling under each Subparagraph of Paragraph (1) of Article 44 ( (Exclusion, Challenge, and Abstention of Members) of the Fair Trade Act as an appraiser, and shall withdraw the designation if such person was already designated as one.

③The provisions of Paragraphs 1 and 2 shall be applicable mutatis mutandis to the case where an appraiser is designated at the request of examinee, etc.

Article 19 (Certificate of Examining Official)

The certificate which an examining official shall present to the persons concerned pursuant to the provisions of Paragraph (4) of Article 50 (Examination of Violations, etc.) shall be a public official certificate and an official letter with the following Subparagraphs written therein:

1. Period of examination

2. Entity to be examined

3. Ground for examination

4. Legal sanction against refusal, disturbance or evasion of examination, etc.

Article 20 (Examination of Matters related to Payment Capability for Surcharge)

In case where the Examiner deems it necessary to impose a surcharge upon an examinee, he may examine each of the following Subparagraphs:

1. Degree of capital encroachment

2. Status of net profit of the relevant fiscal year for the past 3 years

3. Whether court receivership, composition or enterprise improvement was commenced or not

4. Status and degree of nonpayment of tax, surcharge, etc.

5. Status and degree of nonpayment of wage

6. Status of operational cash in the cash flow statement for the past 3 years

Article 20-2 (Examination of Operation Status of Self-Compliance Program)

In case where an examinee requests for mitigation of sanctions by referring to operation of self-compliance program for fair trade, the Examiner may examine each of the following Subparagraphs:

1. Whether a self-compliance program has been introduced or not

2. Whether the status of operation status of self-compliance program has been noticed or not

3. Whether the self-compliance program is substantially operated or not

4. Whether the violations were autonomously corrected or not, if the requirements stipulated in Subparagraphs 1 through 3 above were satisfied

5. Whether conditions for exemption under Subsection C, Section 1, Part V and Subsection B, Section 2, Part V of 「Regulation on Fair Trade Self-Compliance Program Management and Incentivization, Etc.」 (Fair Trade Commission Announcement No. 2008-17) are met.

6. Whether there have been current sanctions mitigated in connection with operation of a self-compliance program, and what the detailed contents thereof are if there have been.

Article 20-3 (Examination of Operation Status of Consumer Complaint Autonomous administrating Program)

In case where the examinee requests for mitigation of sanctions by referring to operation of consumer complaint autonomous administrating program, the Examiner may examine each of the following Subparagraphs:

1. Whether a consumer complaint autonomous administrating program has been introduced or not.

2. Whether the consumer complaint autonomous administrating program is substantially operated or not.

3. Whether the violations were autonomously corrected or not, if the requirements stipulated in Subparagraphs 1 and 2 above were satisfied.

4. Whether there have been current sanctions mitigated in connection with operation of a consumer complaint autonomous administrating program, and what the detailed contents thereof are if there have been.

## Section 2 Examination Coordination Meeting

Article 21 (Establishment) <deleted June 1, 2001>

Article 22 (Composition and Presiding-over Meeting) <deleted June 1, 2001>

Article 23 (items to be Coordinated) <deleted June 1, 2001>

Article 24 (Meeting assistant of Coordination Meeting) <deleted June 1, 2001>

Article 25 (Associate Member and Hearing of Opinion) <deleted June 1, 2001>

Article 26 (Putting on Agenda of Plenary Session, etc.) <deleted June 1, 2001>

Article 27 (Measures by Examiner) <deleted June 1, 2001>

## Section 3 Proceedings for Deliberation and Resolution

Article 28 (Pre-Sending of Examination Report)

① In case where relevant case falls under the responsibility of the Subcommittee pursuant to the provisions of Article 5 (Subjects to be Deliberated and Determined by Subcommittee), the Examiner shall ask the examinee if he admits to the violations in the examination report and accepts the Examiner's opinion of measures, and shall request the examinee in writing to submit an opinion in regard to non-acceptance in case of the examinee's non-acceptance ("partial acceptance" shall be included, and hereinafter treated as the same). Note, however, that for the cases where the Examiner's opinion of measures is filing of complaint (excluding prosecution of violators of the Standardized Contracts Act, Door-to-Door Sales Act, or Consumer Protection in Electronic Commerce Transactions Act) or ordering payment of surcharge, if it is clear that the examinee will not accept the measures or the Chairman's approval has been obtained , the Examiner is not required to obtain the

violator's admittance of violation or acceptance of the opinion of measures.

② The Examiner in Paragraph (1) shall write his opinion of measures in an annexed page, and shall clearly write in it the Paragraph saying "This is the Examiner's opinion of measures and is not binding upon the Commission."

Article 29 (Drawing-up, Submittal and Sending of Examination Report)

① The Examiner shall prepare an examination report containing therein the following Subparagraphs and shall submit it to each session:

1. Outline of case

2. Structure and status of market

3. Whether the system was improved or not

4. Recognition of fact

5. Judgment of illegality and application of laws

6. Whether operation status of a self-compliance program or a consumer complaint autonomous administrating program was examined or not

7. Examiner opinion of measures (including the contents of notice if a notice order was issued)

8. Whether it was accepted by the examinee or not

9. Attached data

② The outline of case stipulated in Subparagraph (1) of Paragraph (1) shall include in it clue for case, examinee, reporter, contents of report or recognition, and background for examination, etc. Note, however, that address, name, telephone number, etc. (hereinafter referred to as "background information") that may reveal identity may be not included. Also, the reporter may request for background information to not be recorded in the examiner report and the examiner shall oblige if there are no special reasons to refuse.

③ In the structure and status of market in Subparagraph (2) of Paragraph (1), the Examiner shall write general particulars of examinee, degree of examineeM reliance upon its customers, existence and scope of related market (by object, by stage or by region, etc.), number and sales turnover and market share of enterprisers of the same and similar business, whole or part of the provisions concerning legal regulation over market share or markets.

④ In Subparagraph (3) of Paragraph (1), the Examiner shall write whether all kinds of improvement such as competition-restrictive laws and regulations, directives and practices, etc. which he came to recognize in the course of handling cases.

⑤ In the recognition of fact in Subparagraph (4) of Paragraph (1), the Examiner shall specifically write the act itself and evidential data supporting recognition of the fact, and shall write thereon as "Suit A Evidence No._0" and number it in the order of submittal.

⑥ In the judgment of illegality and application of laws in Subparagraph (5) of Paragraph (1), the Examiner shall write it classified by each requirement for becoming violations of laws.

⑦ In whether operation status of a self-compliance program or a consumer complaint autonomous administrating program was examined or not in Subparagraph (6) of Paragraph (1), the Examiner shall write the status of examining or non-examining the operation status of examinee's self-compliance program or consumer complaint autonomous administrating program. In case where he examined it pursuant to the provisions of Article 20-2 (Examination of Operation Status of Self-Compliance Program) or of Article 20-3 (Examination of Operation Status of Consumer Complaint Autonomous administrating Program), he shall attach the contents of examination to the examination report. In case where the necessity for examination is raised after examination report was submitted, the Examiner shall submit the case to the Commission.

⑧ In the examiner's opinion of measures in Subparagraph (7) of Paragraph (1), the Examiner shall write the contents and degree of measures which are deemed appropriate as a result of examination of the case. Note, however, that if an order for payment of surcharge is

included, the scope of the relevant product, period and ending date of violation, computation criteria for the relevant sales turnover and its amount, the degree of significance of the violation, amount of unjust enrichment if the unjust enrichment is used as the obligatory adjusted surcharge, frequency of violation during the past 3 years, reasons for addition and reduction and other facts used for the computation of surcharge shall be stated, but the rate of imposition, imposition reference amount, rate of addition or reduction, and final imposed amount need not be stated.

⑨ In attached data in Subparagraph (9) of Paragraph (1), the Examiner shall include evidential materials supporting recognition of fact or judgment of illegality, etc. and must attach a table of detailed contents without fail.

⑩ Upon the submission of the examination report to each session or committee, the Examiner shall send the examinee the examination report (excluding name of reporter and Examiner's opinion of measure), the table of appended data, and the appended data (hereinafter referred to as "appended data, etc." the examination report and appended data given to the examinee shall exclude the reporter's background information and facts that may reveal the reporter's identity. Note, however, that this shall not apply if the reporter gives consent to send such materials.), as well as request the General Counsel to submit written opinion thereof within 3 weeks (2 weeks for examination reports submitted to a subcommittee). This shall also be applicable to non-accepted opinion pursuant to the proceedings of Paragraph (1) of Article 28 (Pre-Sending of Examination Report). Note, however, that if the case must immediately be presented for deliberation, if the parent company is located abroad or the submission of opinions takes at least 3 weeks due to the complexity of the case, or if some equivalent reason applies, the deadline for submitting the exminee opinion may be determined differently.

⑪ Regardless of Paragraph (10), if there is concern of hindering the independent judgment of each session or committee due to pre-sent opinions of measures by the examiner, or if other unavoidable reasons apply, the examiner may send its opinion of measures to the

examinee on the day of deliberations (refers to the final day of deliberation if deliberations are held at least twice).

⑫ When sending the appended data according to Paragraph (10), if such data is irrelevant to the acknowledgement of facts, or if it is deemed inappropriate for the protection of trade secrets (refers to provisions of Subparagraph (2), Article 2 of the 「Unfair Competition Prevention and Trade Secret Protection Act」, personal information, and other social benefits, the Examiner is allowed to not send such data, partially delete such data, or take other necessary measures before sending.

⑬ In providing the examination report and appended data according to Paragraph (10) to 12, the Examiner shall issue copies of materials with the cover page stating that these copies shall not be used for any other purpose other than the intended purpose, and that the disclosing such material or committing other actions impeding deliberations of the Commission or infringing upon the material provider's rights shall be prohibited.

⑭ In case where the examinee submits opinion pursuant to Paragraph (10), he shall write the following Subparagraphs and evidential materials in support of opinion, and shall write thereon as "Suit B Evidence No.0"and number it in the order of submittal.

1. Name of case, number of case

2. Name and address of examinee

3. Agent

4. Opinion on examination report

5. Attached data such as evidential data, etc.

6. List of appended data in the examination report and other materials concerning the examinee that the examined does not wish to disclose to the reporter, other examinees, etc. due to reasons of trade secret protection

⑮ When the examiner submits the examination report to each session or committee, the General Counsel shall be notified of the submission deadline for opinions pursuant to Paragraph (10).

(16) The examinee shall submit its opinion on the Examiner's examination report within the period stated under Paragraph (10). Note, however, that if extension of the period for submitting its opinion is needed due to unavoidable circumstances the examinee must record the reasons and submit an application for extension by document to the General Counsel.

(17) When extending the submission period under Paragraph (15), the General Counsel shall report such fact to the principal examining member (or the chairman of the subcommittee; the same shall apply hereinafter) and take measures according to the decision of the principal examining member.

Article 29-2 (Perusal, Copy of Attached Data of Examination Report, etc.)

① In case where the examinee is served with examination report and table of attached data pursuant to the provisions of Paragraph (12)of Article 29 (Drawing-up, Submittal and Sending of Examination Report), he may designate specific data of the attached data and apply to the Commission for perusal or copy thereof.

② In case where an application for perusal or copy is filed pursuant to the provisions of Paragraph (1), the examinee shall decide whether to allow perusal or copying upon determining whether the attached data falls under Paragraph (12), Article 29 (Drawing-up, Submittal and Sending of Examination Report).

③<Deleted>

④ <Deleted>

⑤<Deleted>

Article 30 (Designation and Duty, etc. of Principal Examining Member)

① The chairman of the Plenary Session shall designate one of the standing members as the principal examining member for relevant case where he receives a deliberation report.

② The principal examining member designated pursuant to the provisions of Paragraph (1) and the chairman of the subcommittee shall review in advance whether the case may be put for deliberation, and may order the examiner in charge to supplement it if any defect is found.

③ With regard to the date for putting a case for deliberation, the principal examining member shall decide on it either by himself or by discussing with the chairman through the meeting assistant.

Article 30-2 (Commencement of Deliberation Preparation Proceedings)

① In case where the chairman of each session deems deliberation preparation proceedings necessary for effective and intensive deliberation after the examineeM opinion letter concerning the examination report has been submitted, the chairman may put the case to deliberation preparation proceedings.

② The chairman shall make the deliberation preparation proceedings prepared in written explanatory notes of allegation and evidence, or proceeded by opening deliberation preparation dates.

③ The examining officer and the examinee shall submit all allegations and evidence necessary for deliberation in the deliberation preparation proceedings.

Article 30-3 (Proceeding of Deliberation Preparation Proceedings)

The principal examining member or the chairman of a subcommittee shall proceed with deliberation preparation proceedings assisted by the General Counsel. Note, however , that if the principal examining member carries out the deliberation preparation proceedings, the other members may given opinion on data to be required for submission under Paragraph (1), Article 30-4 (Submission of Written Documents for Preparation of Proceedings) and on the direction of resolution pursuant to Paragraph (4), Article 30-7 (Responsibilities of the Principal Examining Member or Chairman of the Subcommittee, and the General Counsel); other members may also attend on the date of deliberation preparation pursuant to Article

30-5 (Deliberation Preparation Date) and question the examiner as well as the examinee.

Article 30-4 (Submittal of Documents for Deliberation Preparation)

① The principal examining member or the chairman of a subcommittee may order the examining officer or the examinee an opinion letter, explanatory notes of evidence, evidence, etc. within specified period of time.

② Where the examining officer or the examinee submits an opinion letter, explanatory notes of evidence, evidence, etc. pursuant to Paragraph (1), he shall submit 14 copies of those documents (8 copies for the case handled by a Subcommittee) and electronic record (opinion letter, explanatory notes of evidence, etc. containing allegation) altogether.

③ Each session shall deliver to the counterpart copies of the letter and evidence in Paragraph (2).

④ The opinion letter in Paragraph (1) shall include a summary of allegation.

Article 30-5 (Deliberation Preparation Dates)

① The principal examining member or the chairman of a subcommittee may have the Examiner and the examinee attend the session by opening the deliberation preparation dates, if he/she deems it necessary for writing allegation and evidence and clarifying the disputed points.

② Where either of the Examiner or the examinee has not attended the session, the deliberation preparation dates shall not be opened.

③ The deliberation preparation dates shall be made public. Provided that the deliberation preparation dates may not be made public if the principal examining member or the chairman of a subcommittee deems it appropriate.

Article 30-6 (Application for Evidence Examination in Deliberation Preparation Proceedings, etc.)

① The principal examining member or the chairman of a subcommittee may decide whether he/she will adopt the Examiner or the Examinee's application for evidence examination.

② In case where the principal examining member or the chairman of a subcommittee has not adopted the application for evidence examination, he/she shall notify them of the reasons.

③ With regard to the decision in Paragraph (2), the Examiner or the examinee may forthwith file an appeal with each session in writing. Each session may make decisions in writing on the appeal filed.

④ In case where an appeal is filed pursuant to Paragraph (3), the Examiner or the examinee shall make object of appeal filed, detailed contents of examination of relevant witness, etc. clear.

⑤ The principal examining member or the chairman of a subcommittee may request for appraisal or delivery of documents, etc., if he/she deems it necessary for effective and intensive deliberation.

Article 30-7 (Duty of Principal Examining Member, Chairman of Subcommittee  or General Counsel in Deliberation Preparation Proceedings)

① The principal examining member or the chairman of a subcommittee shall give the Examiner or the examinee an opportunity to submit allegation or evidence which rebuts allegation or evidence submitted by the counterpart.

② The principal examining member or the chairman of a subcommittee shall proceed the deliberation preparation proceedings fairly in a neutral position, and give the Examiner and the examinee equal opportunities to submit allegation or evidence.

③ The principal examining member or the chairman of a subcommittee shall not contact in person any one party of either the Examiner or the examinee without a justifiable reason.

④ The principal examining member or the chairman of a subcommittee shall make the case clear by summarizing the particulars of fact, allegation and evidence, and points of dispute in the deliberation preparation proceedings.

⑤ The General Counsel shall draft a report on the deliberation preparation proceedings stating the issues, etc. pursuant to Paragraph (4) and send the report to the examinee 5 days before the first day of deliberation after the end of the deliberation preparation proceeding.

Article 30-8 (Closing of Deliberation Preparation Proceedings)

① The principal examining member or the chairman of a subcommittee may close the deliberation preparation proceedings in each of the following Subparagraphs:

1. Cases in which 3 months has passed since the commencement of the deliberation preparation proceedings.

2. Cases in which the Examiner or the examinee fails to submit opinion letter, evidence, etc. within a specified period of time without a justifiable reason.

3. Cases in which the Examiner or the examinee does not attend the deliberation preparation dates without a justifiable reason.

4. Cases in which the principal examining member or the chairman of a subcommittee determin it unnecessary to proceed the deliberation preparation proceedings any more.

② In case where the principal examining member or the chairman of a subcommittee deems it difficult to catch the gist of allegation of the Examiner or the examinee, he may make the Examiner or the examinee submit a summarized opinion letter summarizing the points of dispute and evidence prior to closing the deliberation preparation proceedings.

Article 30-9 (Deliberation after Closure of Deliberation Preparation Proceedings)

① The General Counsel   officer shall submit a summarized report pursuant to the provisions of Paragraph (4) of Article 30-7 (Duty of Principal Examining Member or Chairman of Subcommittee in Deliberation Preparation Proceedings) on the first deliberation date after the closure of the deliberation preparation proceedings.

② The Examiner and the examinee shall state opinion briefly concerning the opinion in response to the report in Paragraph (1).

③ At each session, an effort shall be exerted to close right on the first deliberation date the deliberation of the case that completed the deliberation preparation proceedings, which the Examiner and the examinee shall cooperate for.

Article 30-10 (Deliberation Preparation Proceedings between Dates)
The chairman of each session may put for deliberation preparation proceedings any items that are deemed necessary for summarizing the points of dispute and evidence, even after the deliberation dates commenced.

Article 30-11 (Resumption of Deliberation Preparation Proceedings)
The chairman of each session may resume the deliberation preparation proceedings, if he/she deems it necessary to do to.

Article 31 (Submittal for Deliberation)
① The chairman of each session (hereinafter referred to as the "Chairman") shall put relevant case to deliberation within 30 days from the date the examinee's opinion letter was submitted pursuant to the provisions of Paragraph (10) of Article 29 (Drawing-up, Submittal and Sending of Examination Report), from the date the deliberation preparation proceedings are completed pursuant to Article 30-8 (Closing of Deliberation Preparation Proceedings), or from the date the specified period of time has elapsed if an opinion letter has not been submitted. Note, however, that his period may be extended if each chairman deems necessary.
② Deliberation shall take place in the KFTC court on deliberation day of each session.

Article 32 (Postponement and Withdrawal of Submittal for Deliberation) The Chairman may postpone or withdraw a submittal for deliberation at the request of the Examiner or ex officio, in case where there arise unavoidable circumstances.

Article 33 (Designation and Notification of Deliberation Dates)

① The Chairman shall notify the relevant session members and the examinee in writing (includes "electronic transmissions") of the date, time, and place of deliberation commencement, the name of the case, and decision on whether deliberations will be open to the public 5 days prior to deliberation commencement. Note, however, that the above shall not apply in the case of urgency or in other unavoidable circumstances.

②In case where the Chairman notifies each member of deliberation commencement pursuant to the provisions of Paragraph (1), he/she shall send the items to be put for deliberation. Provided that he/she notifies the member of the gist thereof by telegraph, telephone or orally in advance in cases where there is any matter to be dealt with in secret or where there are unavoidable circumstances.

③In case where the examinee who was notified pursuant to the provisions of Paragraph (1) is not able to attend each session of the deliberation dates due to unavoidable reasons, he/she may apply for changing commencement dates by specifying the reasons. The Chairman shall notify him/her without delay whether the application was approved or not.

④The Chairman shall notify the reporter of relevant case of the designated deliberation date and time, place and case of name. Provided that it is excluded in cases where the reporter requested anonymity, or where the Examiner has already notified the meeting assistant of each session in writing that the reporter's attendance is not necessary.

⑤ The Chairman may send the deliberation report (excluding clue for case, background for deliberation, examinee's opinion of measures and attached data), if he/she deems it necessary in case of the foregoing Paragraph.

⑥ In case where the Chairman deems it necessary during the deliberation to deliberate relevant items 2 times or more, he/she may designate subsequent deliberation dates and continue deliberation on the subsequent dates.

1. When the Examiner or examinee needs to confirm the content of the examination report, deliberation preparation proceeding, and new arguments or evidence that did not arise during

the deliberation process

2. When the testimonies of the reference witnesses and interested parties conflict in truthfulness, or when the factual relations are complex and many issues arise and confirmation thereof is necessary

3. Other reasons that demand at least two rounds of deliberations

Article 33-2 (Opening Deliberations to the Public)

①The deliberations and resolutions of the Fair Trade Commission shall be made public. Note, however, that if it is deemed necessary to protect the trade secrets of the enterpriser or of the enterprisers organization, part of or the whole of the deliberation and resolution may be closed from the public within the necessary range.

②An examinee that has received notice of public disclosure of hearings pursuant to Paragraph (1), Article 33 may request priority seating a certain person (hereinafter referred to as the "observer") and if observation seats are estimated to be insufficient, the principal examining member or the chairman of the subcommittee may restrict the number of observers or take other necessary measures.

③When observation seats are estimated to be insufficient for case hearings that are open to the public, even if priority seating has been arranged, the principal examining member or the chairman of the subcommittee must leave at least 5 empty seats for disinterested 3rd parties other than observers to enter in the order of arrival on the day of the hearing.

④The subject of the hearing, including instructions for observation, etc., shall be disclosed by adequate means, such as posts on the Fair Trade Commission website. Note, however, that the subject of hearing may be undisclosed for deliberations and resolutions that are not open to the public.

Article 33-3 (Maintaining Order in KFTC Court)

①Order in the KFTC court of Adjudicatory Proceedings shall be maintained by the

presiding judge.

②The person chairing the Plenary Session may prohibit any person who might endanger the dignity and order of the KFTC court from entering the courtroom, or order him to leave the court and issue an order necessary for maintaining the order in the courtroom.

③No person shall record on a videotape, take a photograph, relay broadcasting, etc. in the KFTC court of Adjudicatory Proceedings without the permission of The person chairing the Plenary Session.

Article 34 (Attendance of Examiner and Examinee at Session)

① Examiner and the examinee of relevant case shall attend each session on the deliberation dates.

②In case where the examinee fails to attend a session without a justifiable reason even if he received notification pursuant to the provisions of Paragraph (1), the Chairman may open the session without the examinee present notwithstanding the provisions of Paragraph (1).

③In case where the Examiner in not able to notify pursuant to the provisions of Paragraph (1) of Article 33 (Designation and Notification of Deliberation Dates) due to business closure, unknown whereabouts, etc. of examiner, he/she shall report the fact and the reasons therefore to each session. In this case, the chairman of each session may make the Examiner locate the whereabouts of the examinee or order the Examiner to submit the deliberation report to each session without notifying the examinee if he/she deems it not profitable to do so.

④In case where the Examiner at each session was ordered to submit the deliberation report to each session without notifying the examinee pursuant to the provisions of Paragraph (3), the session may be commenced without the examinee present notwithstanding the provisions of Paragraphs 1 and 2.

Article 35 (Identity Interrogation) The Chairman shall conduct an identity interrogation to

identify the examinee or reference witnesses.

Article 36 (Agent)

①The examinee may appoint any of the following persons as his/her agent:

1. Attorneys-at-law

2. Respondents' company executives or others who gained permit

②The agent shall submit prior to commencement of each session, the power of attorney that describes the scope of agency and clearly shows the person is such agent

③In case of Subparagraph (2) of Paragraph (1), the examinee shall submit to the Commission a letter which contains in it the name, address and occupation of the person, his relation with the examinee, and the particulars sufficiently showing the person is appropriate for this agent

④In case where it is necessary to obtain the examine responsible answer or hear opinion for the prevention of legal violations, etc., the Chairman may order the examinee (or the representative in case of a juridical person) to attend in person

Article 37 (Participation in Deliberation)

The chairman of each session may, on request or ex officio, have interested persons, reference witnesses, advisory members, relevant administration organs, public organs and entities, persons or entities having professional knowledge or experience, or officials of the Commission secretariat office other than the person who put relevant items for deliberation, attend the deliberation, and may hear from them explanation or opinion about the items put for deliberation.

Article 38 (Opening Procedures)

①Chairman may have the examiner state the summary of examination result according to examination report.

②Chairman may have the examinee state the opinion after the statement of examiner in

accordance with the provisions of Paragraph (1) is finished.

③Where the examinee states opinion which duplicates with the contents of written opinion submitted in accordance with the provisions of Paragraph (10) of Article 29 (Preparation, Submission and Sending of Examination Report), the Chairman may restrict it.

Article 39 (Right of Clarification, Right of Questioning)

① Commission members may ask questions to examiner or examinee regarding the matters related with recognition of facts or application of laws upon obtaining permission of Chairman.

② Where the purport of statement of counterpart is unclear, examiner or examinee may ask questions directly to the counterpart upon obtaining permission of Chairman.

Article 40 (Restriction of Statement)

  Where the questions or statements done by examiner or examinee duplicate with duly made questions or statements or not related with applicable case, the Chairman may restrict it.

Article 40-2 (Measures to the Protection of Trade Secrets, Etc.)

① When the examinee, reference witnesses, or interested parties (hereinafter referred to as "examinee, etc") wishes to make statements involving trade secrets, the examined may request the principal examining member or chairman of the subcommittee to take the necessary measures, such as separate hearings or temporary dismissal of other examinees, etc. by submitting to the General Counsel at least 5 days prior to the session commencement written document containing the content of trade secrets that cannot be easily disclosed and necessary measures.

② The trade secrets referred to in the Paragraph (1) are business information that, if made public, could damage the rightful benefits of the examinee and others, and includes information such as the method of production, method of sales, trade counterparties, client list, production costs, and business strategies that cannot be easily disclosed to the public.

③ When the examinee has made requests pursuant to Paragraph (1), the principal examining member or the chairman of the subcommittee shall notify the examinee at least 1 day prior to the day of the hearing whether the request has been accepted.

④ If the written resolution, etc. includes information deemed by the principal examining member or the chairman of the subcommittee to be trade secrets under Paragraph (2) or if the situation demands, the Fair Trade Commission may decide to not disclose the resolution containing trade secrets or to delete the trade secrets when disclosing the resolution document.

Article 41 (Application for Evidence Investigation etc.)

① Examinee or examiner may request for the examination of evidence to each meeting.

② In requesting for the examination of evidence in accordance with the provisions of Paragraph (1), it shall be done clearly specifying the method of evidencing and the matters to prove thereby, and where interrogation of reference witnesses is intended, it shall be done clarifying the name, address, occupation and matters to interrogate of reference person.

③ Where the request for evidence examination of examinee or examiner is not adopted, Chairman shall notify its reasons.

④ Each meeting may ex officio conduct examination of evidence where deemed necessary.

Article 41-2 (Method of Interrogation of Reference Witness)

① Interrogation of reference witness shall be done by examiner or examinee who requested first followed by other party's interrogation.

② Chairman and Commission members of each meeting may conduct interrogation after finishing the interrogation under Paragraph (1).

③ Where necessary, chairman of each meeting may change the order of interrogation in accordance with the provisions of Paragraph (1) and 2.

④ Where the interrogation of examiner or examinee is duplicated or has no point at issue and where necessary reasons exist, chairman of each meeting may restrict the interrogation of examiner or examinee.

⑤ Interrogation shall be conducted individually and in detail.

⑥ Where each meeting interrogate ex officio reference witnesses, the method of interrogation shall be abide by the decision of chairman of each meeting.

Article 42 (Attendance of Expert Witness)
Where necessary, Chairman may have expert witness and listen to the opinion.

Article 43 (Statement of Opinion of Examiner etc.)
① Prior to the closing of examination, Chairman shall have examiner state the opinion concerning the kinds and contents of remedial measures, imposition of surcharge, filing of complaint etc.

② Chairman shall give examinee a chance to mate final statement.

Article 44 (Separation, Consolidation and Reopening of Examination)
 Where deemed necessary, Chairman may order separation, consolidation and its cancellation or reopening of closed examination procedure by request or ex officio.

Article 45 (Order for Reexamination)
 Where there are reasons falling under any of the following Subparagraphs, each meeting may order reexamination for applicable case to the examiner.

1. Where there is misrecognition of fact

2. Where there is error in the interpretation or application of laws and decrees

3. Where new fact or evidence related with the reason for closing of examination is found after the closing of examination by the examiner.

4. Where the reasons similar to Subparagraph (1) through 3.

Article 46 (Closing of Examination Procedures)

 Each meeting may make resolution for the closing of examination procedures where falling under any of the following Subparagraphs.

1. Where it is falling under any Subparagraph of Paragraph (1), Article 12 (in case where examination procedures may not be commenced)

2. Where it is recognized that there is no actual benefit of remedial measure because the examinee who violated Adhesion Contracts Act voluntarily corrected applicable violated articles of incorporation in the course of investigation or examination.

3. As the case by report is filed again, where the measures of same contents with the measures for original case are taken

4. The case where closing of examination procedure is reasonable and appropriate for the reasons that; where judgment on whether or not violated the law is impossible because the verification for fact relation of the case is difficult, where estimating the trend of market situation in new market is very difficult or where it is necessary to reserve the judgment of Commission because it is desirable to handle in other government institution etc.

Article 47 (Cleared of Suspicion)

① Each meeting may make resolution for cleared of suspicion in case where the conduct of examinee is not recognized as the conduct in violation of Fair Trade Act, Labeling and advertising Act, Subcontract Act, Adhesion Contracts Act, Door-to-Door Sales Act, Consumer Protection in Electronic Commerce Act or Franchise Act or no evidence for violated conduct exist.

② Although the conduct of examinee is not in violation of Fair Trade Act, Labeling and advertising Act, Subcontract Act, Adhesion Contracts Act, Door-to-Door Sales Act, Consumer Protection in Electronic Commerce Act or Franchise Act, each meeting may urge the caution where necessary for the prevention of future violation. In such case, the writings and words that applicable conduct is not in violation of Fair Trade Act, Labeling and advertising Act, Subcontract Act, Adhesion Contracts Act, Door-to-Door Sales Act, Consumer Protection in Electronic Commerce Act or Franchise Act shall clearly be described together.

Article 48 (Closing)

① Each meeting may make resolution for closing disposition where falling under any 1 of each of the following Subparagraphs.

1. The case where it is practically impossible to secure the performance of remedial measures by the occurrence of reasons of death, dissolution, bankruptcy, closing of business or the similar to the examinee.

2. The case where the examinee is decided for absorption disposition or the decision for commencement of revival procedures in accordance with the Debtor Rehabilitation and Bankruptcy Act as the case concerning revival credit in accordance with the Debtor Rehabilitation and Bankruptcy Act.

② In the case which is closed in accordance with Subparagraph (2) of Paragraph (1), the examinee is doing normal business activities in the method not according to the Debtor Rehabilitation and Bankruptcy Act, each meeting may restart the procedures for the case.

Article 49 (Discontinuance of Investigation etc.)

① In case where it is difficult to continue the investigation etc. due to reasons falling under any of the following Subparagraphs occur to the examinee, reported person or interested person etc., each meeting may make resolution for the discontinuance of investigation etc. until such reasons are disappeared.

1. Discontinuance of business due to dishonor etc.

2. The case where recognized as temporary closing of business

3. Where actual body of juridical person does not exist

4. Unclear whereabouts by escape etc.

5. As the case where reported foreigner enterpriser located overseas, investigation etc. is clearly difficult

6. Any other case equivalent to Subparagraph (1) through 5

② Where the resolution for discontinuance of investigation etc. is made in accordance with the provisions of Paragraph (1), examiner of applicable case shall check and manage after describing applicable matters on the name list of the persons for whom investigation etc. is discontinued. In such case, the action for closing may be taken after the elapse of 6 months from the date where resolution is made.

③ Where the examiner of applicable case has taken action for closing in accordance with the provisions of Paragraph (2), the matters of each of the following Subparagraphs shall be notified to the reported person etc.

1. The fact that the case was closed

2. The fact that report can be filed again where the reasons for commencement of examination happened such as reopening of business of examinee etc.

Article 50 (Warning)

① Each meeting may make resolution for warning in case of falling under any 1 of the following Subparagraphs.

1. Where the degree of violation of Fair Trade Act, Labeling and advertising Act, Subcontract Act, Adhesion Contracts Act, Door-to-Door Sales Act, Consumer Protection in Electronic Commerce Act , Franchise Act, or Installment Transaction Act is immaterial.

2. The case where the examinee who did the conduct of violation of Fair Trade Act, Labeling and advertising Act, Subcontract Act, Door-to-Door Sales Act, Consumer Protection in Electronic Commerce Act, Franchise Act, or Installment Transaction Act voluntarily corrected applicable conduct of violation in the course of examination or deliberation of the case, and it is recognized that there is no practical benefit of taking remedial measure.

3. The case where the examinee who did the conduct of violation of Fair Trade Act, Labeling and advertising Act, Subcontract Act, Door-to-Door Sales Act, Consumer Protection in Electronic Commerce Act, Franchise Act, or Installment Transaction Act did not respond to the remedial measure or prohibition order by the Fair Trade Commission and thus the Examiner commenced with the deliberation procedure, but the examinee fulfilled the remedial measure or prohibition order during the examination or deliberation process.

② In applying the provisions of Paragraph (1), the resolution of Warning may be made where unfair collaborative acts, prohibited activities of enterprisers organization, unfair trade practices and resale price maintenance, unfair labeling and advertisement action fall under any items of the standard under the Attached Table.

Article 51 (Recommendation for Correction)

① Where falling under any of the following Subparagraphs, each meeting may prepare remedial measures and recommend to comply therewith to the enterprise who did the conduct in violation of Fair Trade Act, Labeling and advertising Act, Subcontract Act, Door-to-Door Sales Act, Consumer Protection in Electronic Commerce Act, Franchise Act, or Installment Transaction Act.

1. In case where the time is too imminent to correct the conduct of violation through the examination and decision of the Commission or where it is worried that the damages by conduct of violation will become larger because the time has elapsed

2. In case where the person who did the conduct of violation accepts the fact of violation, and expressed the intention to immediately correct applicable conduct of violation

3. In case where the contents of conduct of violation are immaterial or the effect of restriction of competition in certain transaction field is not serious

4. In case where the enterpriser who practically adopted and operating voluntary compliance program (CP) did the conduct of violation for the first time since the adoption of that system

② Where the case of violation of Adhesion Contracts Act falls under Paragraphs 2 and 3 of Article 17-2(remedial measures) of Business Paragraphs Act, the meeting may prepare the remedial measures and recommend to comply with it to the examinee or other enterprisers who operate same kind of business.

③ The recommendation in accordance with the provisions of Paragraphs 1 and 2 shall be made in writing in which each of the following Subparagraphs are described.

1. The case of violation of Fair Trade Act, Labeling and advertising Act, Subcontract Act, Door-to-Door Sales Act, Consumer Protection in Electronic Commerce Act, Franchise Act, or Installment Transaction Act

A. Case No., Name of case, Name of examinee

B. Matters recommended for correction

C. Contents of violation of law

D. Applicable Paragraphs of the law

E. Deadline for the correction

F. Deadline for replying whether or not to accept

G. Measures to be taken in case of refusing recommendation

2. The case of violation of Adhesion Contracts Act

A. Case No., Name of case, Name of examinee

B. Matters recommended for correction

C. Reasons for recommending the correction

D. Applicable Paragraph of the law

④ Where the person who was recommended notify not to accept the recommendation or does not notify whether or not to accept within 10 days from the date of receipt of recommendation for correction in writing, examiner shall prepare examination report for applicable case and submit to each meeting. Provided, however, that the foregoing is not applicable in case of violation of Adhesion Contracts Act.

Article 51-2 (Arbitrary Decisions by the Examiner)    <Deleted>

Article 52 (Resolution of Correction Order etc.)
① Each meeting may make resolutions of correction order, request for correction (limited to the case of violation of Adhesion Contracts Act), resolution for order to pay penalty or order to pay the fine for negligence may be made.
② Even where the status of violation of law has already extinguished, where deemed necessary for prevention of reoccurrence of law violation conduct, each meeting may make resolution on the measures necessary for the correction etc.

Article 53 (Decision for Accusation etc.)
① Each meeting may make decisions of accusation, request for the restriction of qualification for participation in bidding or request for discontinuance of business through examination procedures. Provided, however, that examination and decision may be made in writing where deemed necessary.
② The provisions of Article 12 (The Case that Examination Procedures May Not be Commenced), Article 46 (Completion of Examination Procedures), Article 48 (Closing) and Article 49 (Discontinuance of Investigation etc.) shall be applied mutatis mutandis for the cases of nonperformance of remedial measures.

Article 53-2 (Arbitrary Decisions, Etc. by the Examiner)

① The Examiner may make arbitrary decisions concerning cases that are deemed to fall under Article 46 (Closing of Examination Procedures) to Article 50 (Warning) and Paragraph (2), Article 51 (Recommendation for Correction).

② The Examiner may make arbitrary decisions concerning cases that impose fines according to Paragraph (1), Article 52 (Resolution of Correction Order etc.). Note, however, that this shall not apply in cases of imposing fines due to satisfactions of any of the conditions in the following Subparagraphs:

1. Paragraph (5) to Paragraph (8), Article 69-2 (Fine of Negligence) of the Fair Trade Act

2. Paragraph (6) to Paragraph (8), Article 20 (Fine of Negligence) of the Fair Labeling and Advertising Act

3. Paragraph (1), Article 30-2 (Fine of Negligence) of the Subcontract Act

4. Subparagraph (2), Paragraph (1), Article 34 (Fine of Negligence) of the Standardized Contract Act

5. Subparagraph (7) through 9, Paragraph (1), Article 58 (Fine of Negligence of the Door-to-Door Sales Act

6. Subparagraph (7) through 9, Paragraph (1), Article 45 (Fine of Negligence) of the Consumer Protection in Electronic Commerce Transaction Act

7. Paragraph (1) through Paragraph (4), Article 43 (Fine of Negligence) of the Franchise Act

8. Subparagraph (5) through 8, Paragraph (3), Article 53 (Fine of Negligence) of the Installment Transaction Act

③T he Examiner may make arbitrary decisions concerning cases prosecuted under Paragraph (1), Article 53 (Decision to Prosecute, Etc.) that satisfy any of the conditions in each of the following Subparagraphs:

1. Prosecution against persons in violation of Article 32 (Penal Provisions) of the Standardized Contract Act

2. Prosecution against persons in violation of Article 51 (Penal Provisions) to Article 56

(Penal Provisions) of the Door-to-Door Sales Act

3. Prosecution against persons in violation of Article 40 (Penal Provisions) to Article 43 (Penal Provisions) of the Consumer Protection in Electronic Commerce Transaction Act

4. Prosecution against persons in violation of Article 48 (Penal Provisions) to Article 51 (Penal Provisions) of the Installment Transaction Act

④The Examiner may make arbitrary decisions concerning cases that are deemed to fall under Paragraph (1), Article 51 (Recommendation for Correction).

⑤When the Examiner or Secretary General makes arbitrary decisions under Paragraph (1) to Paragraph (4), a notification by document containing detailed specification of the decision results and reasons shall be given to the examinee or reporter, as well as to other interested parties if necessary. Note, however, that this shall not apply to decisions to not commence with examination proceedings under Subparagraph (18), Paragraph (1), Article 12 (Cases where the Examination Proceedings may not be Commenced).

⑥Regardless of Paragraph (5), the Examiner or Secretary General is allowed to not notify the examinee in cases of closing examinations or ceasing investigations, and is allowed to not notify the reporter in cases where the reporter has withdrawn its report

⑦hen a person that has received warning according to Paragraph (1), Article 50 (Warning) requests deliberation on whether violation has actually occurred, the Examiner shall prepare an examination report and bring it forth to the subcommittee. The case handling procedure shall follow the handling procedures for cases ordered to resume deliberation procedures under Article 44 (Separation, Consolidation and Reopening of Examination)

Article 54 (Preparation etc, of Written Resolution and Written Decision)

①Where making resolution or decision (referred to as "Resolution etc." hereinafter) in accordance with the provisions of Article 52 (Resolution of Remedial Order etc.) and Article 53 (Decision for Accusation etc.), each meeting shall prepare its written resolution or written decision (referred to as " Written Resolution etc." hereinafter) within 35 days (70 days if

submission of necessary materials is ordered for additional verification of facts or determination of surcharges) from the date where such resolution etc. was made. Provided, however, that where the term for preparation is needed to be extended for inevitable reasons, the permission of major examiner or Chairman of subcommittee shall be obtained.

②The followings shall be described in the written resolution etc. in Paragraph (1).

1. Date of resolution etc. and number of resolution etc.

2. Number and name of the case

3. Examinee

4. Ending date of deliberation

5. The text (where there is any proclamation order, supply the proclamation text in the separate paper

6. Reasons

③In the written resolution etc. under Paragraph (1), minority opinion may be entered.

④In the written resolution etc. under Paragraphs 1 and 2, participated Commission members shall sign and affix the seals. In such case, major examiners of Plenary Session shall be marked as major examiners of the applicable case.

Article 55 (Revision of Written Resolution etc.)

①Where it is clear that there are such errors like miscalculation, miswriting and other similar kinds in the resolution etc., each meeting may make the decision for revision by request or ex officio.

②Decision for revision shall be additionally noted in the original and officially certified copy of resolution etc. Provided, however, where it is impossible to additionally note in officially certified copy, officially certified copy of resolution shall be prepared and sent to the head of authoritative institution (referred to as "Head of Authoritative Institution" hereinafter).

③Regardless of Paragraph (2), Article 31 (Submittal for Deliberation), if each session or committee's chairman deems necessary, the decision for revision pursuant to Paragraph (1) may be deliberated in writing.

Article 56 (Action and Notification of Resolution etc.)

①Where resolution is made in accordance with the provisions of Article46 (Closing of Examination Procedures) or Article 53 (Decision for Accusation etc.), the trial management officer shall send officially certified copy of resolution etc.(in case that   surcharge or fine for negligence is imposed, it include such notice, or in case that Written Resolution is not made, it means the purpose and content) of such resolution)to the examinee or the head of authoritative institution within 40 days from the date where such resolution etc. was agreed except inevitable case under proviso Paragraph of Paragraph (1) of Article 54 (Preparation of Written Resolution and Written Decision), and send the copy to the examiner. Provided, however, in the case of Summary Written Resolution under Article 61 (Substitution of Written Resolution etc.), the examiner shall send to the examinee, etc.

②The examiner of applicable case shall conduct action including notifying its summary of the resolution to reported person etc and if necessary, the examiner shall also send its summary of written resolution to interested person, etc. Provided, however, that the foregoing is not applicable where there is other regulation.

Article 57 (Special Rules Concerning the Extension of Penalty Payment Deadline and Installment Payment etc.)

①Where the person who was ordered the payment of penalty intend to apply for the extension of penalty payment deadline and installment payment in accordance with the provisions of Article 55-4 (Extension of Payment Deadline of Penalty and Installment Payment) of Fair Trade Act, Article 62 (Allowable standard and Its Limit of the Extension of Penalty Payment Deadline and Installment Payment) of Implement Decree of the same Act, and Article 63 (Application for the Extension of Payment Deadline and Installment

Payment), written application on which the matters of each of the following Subparagraphs are described shall be submitted.

1. Contents of original penalty payment order

2. In case of application for the extension of payment deadline, the term requested to be extended or in case of application for installment payment, number of times of installment, time of installment payment, method of installment.

3. Reasons for the application

4. Matters concerning the securities that are possible to provide

②Where the application for the extension of penalty payment deadline and installment payment is received, notwithstanding the provisions of Article 29 (Preparation, Submission and Sending of Examination Report), examiner shall submit examination report on which the purport of application, reasons and review for application and the opinion of examiner for the application are described to each meeting.

③Where deemed necessary, each meeting may make examination and resolution in writing for the application under Paragraph (2).

④In case where the penalty of the case for which extension of payment deadline and installment payment is resolved by the application under Paragraph (2) is adjusted because of application of objection; each meeting may reexamine and resolve the payment deadline and installment payment of penalty according to the contents of such adjustment.

Article 58 (Special Rules Concerning Temporary Discontinuance Order)

①Notwithstanding the provisions of Article 29 (Preparation, Submission and Sending of Examination Report), examiner may briefly describe for the matters of each of the following Subparagraphs in the examination report for the case of temporary discontinuance order in accordance with the provisions of Article (Temporary Discontinuance Order) of Labeling and advertising Act.

1. Summary of the case

2. Recognition of the fact

3. Reasons for temporary discontinuance order

4. Opinion of examiner

②In this Article, the provisions of Article 28 (Advanced Sending of Examination Report) and Paragraph (10) of Article 29 (Preparation, Submission and Sending of Examination Report) shall not be applicable.

③Where examination report for temporary discontinuance order case is submitted, Chairman of each meeting shall present to the meeting without delay in accordance with the provisions of Proviso Paragraph of Paragraph (1) and Paragraph (3) of Article 33 (Designation and Notification of Examination Date) notwithstanding beginning part of Paragraph1 of Article 33 (Designation and Notification of Examination Date) and Paragraph (2) of Article 34 (Attendance of Examiner and Examinee in the Meeting), and where examinee does not attend, examination and resolution can be made without attendance of examinee. Provided, however, that examination and resolution may be made in writing where deemed necessary by the Chairman of each meeting.

④The provisions of Article 61 (Substitution of Written Resolution etc.) may be applicable mutatis mutandis concerning the written resolution for the case of temporary discontinuance order.

**Section 4 Summary Proceedings**

Article 59 (Object of Application)

For the agenda which the examinee accepted the facts of conduct in the examination report according to Paragraph (1) of Article 28 (Advanced Sending of Examination Report) and accepted examiner pinion of disposition (referred to as "Accepted Agenda" hereinafter), the procedures of this Section shall be abided by.

Article 60 (Presenting for Deliberation and Method of Deliberation)

Chairman of each meeting shall present applicable case for deliberation within 30 days from the date where examiner examination report is submitted, and deliberation of each meeting shall be made by writing.

Article 61 (Substitution of Written Resolution etc.)

①Where submitting examination report to each meeting, examiner shall submit together with the written resolution in which the contents of each Subparagraph of Paragraph (2) of Article 54 (Preparation of Written Resolution and Written Decision etc.) (referred to as "Summary Written Resolution" hereinafter).

②Summary written resolution in accordance with the provisions of Paragraph (1) shall substitute the written resolution etc. in accordance with the provisions of Article 54 (Preparation of Written Resolution and Written Decision etc.)

Article 62 (Rules Applicable Mutatis Mutandis)

The part concerning the Commission member in Article 32 (Postponement, Withdrawal of Presenting for Deliberation), Paragraph (1) of Article 33 (Designation and Notification of the Date of Deliberation) and Paragraph (2), the part concerning the examiner in Paragraph (1) of Article 34 (Attendance of Examiner and Examinee in the Meeting), the parts concerning the examiner in Paragraph (1) of Article 38 (Opening Procedures), Paragraph (1) of Article 39 (Right of Clarification, Right of Questioning), Article 40 (Restriction of Statement), the provisions of Paragraph (1) of Article 43 (Statement of Opinion of Examiner etc.), Article 44 (Separation, Consolidation and Reopening of Deliberation) shall be applicable mutatis mutandis to this Section.

Article 63 (Elimination of Summary Proceedings)

Where abiding by summary proceedings is deemed inadequate such as minor meeting need to resolve different resolution from the action opinion of examiner etc., the procedures of Section 3 shall be abided by.

**Section 5 Procedures for Appeals of Dissatisfaction Etc.**

Article 64 (Verification of the Result of Performance)

①Where recommendation for correction, request for correction, and order of correction is made, the Commission shall verify the result of its performance. In such case, the Commission may receive cooperation of examinee.

②In the case of an order for performance with a performance deadline, the Examiner must confirm the performance result within 10 days of the deadline for completion of performance (in case of an application for appeal, counted from the day of delivering the original copy of the decision).

③In the case of an order for performance without a performance deadline, the Examiner must order the examinee to submit a plan for the performance of orders within 10 days of the of the deadline for filing appeals and must confirm the performance result within 10 days of the performance completion date according to the plan submitted.

④After confirming the performance results under Paragraph (2) or Paragraph (3), investigating officials shall report the confirmation results in writing to their senior officer

⑤If an examinee that has received performance orders does not fulfill performance, the Commission may choose a period of not more than 30 days for the 1st reminder, and if the examinee does not fulfill performance after the 1st period of reminding, a 2nd reminder may be given with a period of not more than 30 days, and if performance is still not fulfilled, the Commission may prosecute the examinee.

Article 65 (Rules Applicable Mutatis Mutandis)

For the procedures after application for dissatisfaction on the resolution etc. of each meeting is filed, relevant rules of Sections 1 and 3 of Chapter 3 shall be applicable mutatis mutandis except for the case relying on the provisions of Article 66 (Handling of Application for Objection) through Article 72 (Filing of Lawsuit), and in such case, the "Examinee" shall be regarded as an "Applicant". Provided, however, that the provisions of Article 28 (Advanced Sending of Examination Report), Article 29 (Preparation, Submission and Sending of Examination Report), Article 31 (Presenting to Deliberation), Article 43 (Statement of Opinion of Examiner etc.), Article 45 (Reexamination Order) through Article 53 (Decision of Accretion etc.) Article 57 (Special Rules Concerning the Extension and Installment Payment etc. of Penalty Payment Deadline) shall not be applicable Mutatis Mutandis.

Article 66 (Handling of Application for Objection)
①In the handling of the case of application for objection, examiner shall become examination management officer.
②Where the application for objection is filed after the elapse of term in accordance with the provisions of Paragraph (1) of Article 53 of Fair Trade Act (Application of Objection), Paragraph (1) of Article 16 of Labeling and advertising Act (Application mutatis mutandis of the Monopoly Regulation and Fair Trade Act), Paragraph (1) of Article 27 (Application mutatis mutandis of the Monopoly Regulation and Fair Trade Act), Article 30-2 of Adhesion Contracts Act (Application mutatis mutandis of the Monopoly Regulation and Fair Trade Act), Paragraph (3) of Article 50 of Door-to-Door Sales Act (Application mutatis mutandis of the Monopoly Regulation and Fair Trade Act), Paragraph (3) of Article 39 of Consumer Protection in Electronic Commerce Act (Application mutatis mutandis of the Monopoly Regulation and Fair Trade Act), Paragraph (3) of Article 37 of Franchise Act (Application mutatis mutandis of the Monopoly Regulation and Fair Trade Act), Paragraph (3) of Article 47(Application mutatis mutandis of the Monopoly Regulation and Fair Trade Act) of the Installment Transaction Act, examination management officer may dismiss such application for objection.

③There deemed necessary, the secretary general may designate the examiner of application for objection differently notwithstanding the provisions of Paragraph (1), and the provisions of Paragraph (2) is applicable mutatis mutandis to designated examiner.

Article 67 (Examination Report for the Application for Objection)

①In the examination report for the application for objection or application for suspension of enforcement, context of application, purport of application and the reasons shall be described, and the opinion of examiner may be described, where necessary.

②Examiner shall submit the examination report prepared in accordance with Paragraph (1) to Plenary Session, and where notification of the date of examination is given to the applicant of the application for objection, such examination report shall be sent together.

Article 68 (Withdrawal of Application for Objection)

Applicant of the application for objection or applicant of application for suspension of enforcement may withdraw the application in writing until the adjudication on the application for objection or the decision for the application on the application for suspension of enforcement is made respectively.

Article 69 (Method of Examination)

①The decision on application for appeals (excluding decisions to dismiss) shall be made by oral deliberation. Note, however, that if the applicant of the appeal does not submit new arguments or evidence from the original decision, or if there are other reasons the Plenary Session deems appropriate, the decision may be made by written deliberation.

②Decision for the extension of term of adjudication, decision for suspension of enforcement, and decisions to dismiss shall be made by written deliberation. Provided, however, that where concerned party requests for oral deliberation, oral deliberation shall be conducted except for the case where it is deemed that decision can be made by written examination only.

Article 70 (Classification of Adjudication)

①The plenary session shall dismiss appeals that are filed in violation of the provisions of Subparagraph (1) of Article 53 of Fair Trade Act (Appeal).

②Where the application for objection has no reason, Plenary Session shall dismiss such application for objection.

③Where the application for objection is deemed to have reasons, Plenary Session  shall cancel or change its disposition etc.

Article 71 (Actions Taken after the Filing of Application for Objection)

①After the adjudication for the application for objection, the performance of procedures related with performance or nonperformance of remedial measures such as check of performance etc. for applicable case shall be done by the examiner who originally examined that case.

②Where adjudication for the application for objection is made, examination managing officer shall notify the result of adjudication to the examiner in charge of original disposition without delay, and send original of written adjudication to the applicant of application for objection without delay.

Article 72 (Performance of Lawsuit)

①Where the lawsuit of dissatisfaction is filed against the disposition of Commission, all of the lawsuit-related duties such as preparation of lawsuit-related report, collection of evidence data, preparation of lawsuit data, testimony etc. shall be performed by the official in charge of lawsuit affairs with the cooperation of offices related with disposition etc.

②Where deemed necessary, the Commission may replace the person performing the lawsuit affairs under Paragraph (1) by other public official belonging to the Commission or select a lawyer as the attorney of applicable lawsuit.

Article 73 (Execution of Detailed Matters)

Where needed for the execution of detailed matters of this rule, Chairman of the Commission may set up various kinds of guidelines or formats etc.

## Section 6 Administrative Matters

Article 74 (Re-Examination Period)

Pursuant to the 「Regulation on Issuance and Management of Directives·Established Rules」 (Presidential Directive No. 248), the re-examination period for taking necessary measures such as to repeal or revise these rules after considering the laws enacted after the issuance of these established rules or changes in actual circumstances etc. shall be until August 20, 2012.

*ADDENDUM   <August 7, 2000>*

Article 1 (Date of Execution) This public notice shall be executed from the date of public notice.

Article 2 (Transitional Provisions Concerning Disposition etc.) The actions or dispositions etc. done in accordance with former provisions prior to the execution of this public notice shall be regarded to have been done in accordance with these provisions.

*ADDENDUM   <December 5, 2000>*

Article 1 (Date of Execution) This public notice shall be executed from the date of public notice.

Article 2 (Transitional Provisions Concerning the Certificate of Investigation Official)

Certificate of Investigation official issued by the Commission prior to the date of execution of this public notice shall be abolished from the date of execution of this public notice.

*ADDENDUM   <June 1, 2001>*

Article 1 (Date of Execution)

This public notice shall be executed from the date of public notice. Provided, however, that the marking of draft of public announcement in accordance with the provisions of Subparagraph (6) of Paragraph (1) of Article 29 (Submission of Examination Report) and Subparagraph (4), Paragraph (2) of Article 54 (Preparation of Written Resolution and Written Decision etc.) shall be executed from June 1, 2001.

Article 2 (Transitional Provisions Concerning Disposition etc.)

Action or disposition etc. done in accordance with former provisions prior to the execution of this public notice shall be deemed to have been done in accordance with these provisions from the date of execution of this public notice.


*ADDENDUM <June 30, 2001>*

Article 1 (Date of Execution) This public notice shall be executed from July 1, 2001.

*ADDENDUM <August 21, 2002>*

Article 1 (Date of Execution) This public notice shall be executed from the date of public notice.

*ADDENDUM <October 14, 2004>*

Article 1 (Date of Execution)

This public notice shall be executed from November 1, 2004. Provided, however, that the provisions of Article 29 (Preparation, Submission and Sending of Examination Report) and Article 29-2 (Review and Reproduction etc. of Examination Report) shall be applicable from the case where examination report is submitted to each meeting after the date of execution of this public notice.

*ADDENDUM <November 1, 2005>*

Article 1 (Date of Execution)

This public notice shall be applicable from November 1, 2005. Provided, however, that the provisions of Article 30-2 (Commencement of Deliberation Preparation Procedures) through Article 31 (Presenting to Deliberation) may be applicable also to the agenda presented to each meeting prior to the date of execution of this public notice.

ADDENDUM <December 15, 2005>

Article 1 (Date of Execution) This public notice shall be executed from December 15, 2005.

ADDENDUM <July 19, 2006>

Article 1 (Date of Execution) This guideline shall be executed from the date of public notice.

ADDENDUM <December 31, 2007>

Article 1 (Date of Execution) This guideline shall be executed from the date of public notice.

ADDENDUM <May 8, 2008>

Article 1 (Date of Execution) This guideline shall be executed from the date of public notice.

ADDENDUM <March 27, 2009>

Article 1 (Date of Execution)

This public notice shall be applicable from March 27, 2009. Provided, however, that the provisions of Article 29(Drawing-up, Submittal and Sending of Examination Report) may be applicable also to the agenda presented to each meeting prior to the date of execution of this public notice.

ADDENDUM <August 21, 2009>

Article 1 (Date of Execution) This guideline shall be executed from August 21, 2009.

ADDENDUM <December 7, 2009>

Article 1 (Date of Execution) This guideline shall be executed from August 21, 2009.

ADDENDUM <September 7, 2011>

Article 1 (Date of Execution) This guideline shall be executed from September 7, 2011.

**[Attached Table]**

Standard of Warning (Related with Paragraph (2) of Article 50)

1. Improper Concerted    Acts Section

A. In case where annual sales turnover amount of majority among the reported is one billion won or less respectively

B. In case where ripple effect of violation conduct is limited to one city (excluding metropolitan city or larger), county, or district area

2. Prohibited Activities of enterprisers organization Section

A. In case where the number of constituent enterprisers is less than 30

B. In case where the budget amount of the year to which the date of ending of violation conduct of enterprisers organization is less than 50 million won. (provided, however, that where the budget of the year to which the date of ending belongs is not decided, the budget amount of previous year shall be applied)

C. In case where the ripple effect of violation conduct is limited to one city (excluding metropolitan city or larger), county, or district area

3.  Unfair Trade Practices and Resale Price Maintenance Section

A. In case where annual sales turnover amount of the reported is less than 3 billion won.

B. In case where the market share of commodity and service related with the reported is less than 10% (provided, however, that even in case of less than 10%, the enterpriser who ranks top 3rd or above is excluded)

C. In case where the ripple effect of violation conduct is limited to one city (excluding metropolitan city or larger), county, or district area

D. In case where the violation conduct is the case of damage relieving case limited to reporting person

4. Unfair Labeling and advertising Practices Section

A. As the labeling and advertising aiming at selling or lease of house (including commercial space etc.), selling of membership right, and other specific consumer level, the case where it is deemed as remedy against injury for contract party rather than consumer misrecognizing remedy for unspecific multiple number of people

B. As the labeling and advertising through living information paper, leaflet, Pamphlet etc. the case where its effect is limited to one city (excluding metropolitan city or larger), county, or district area

C. In case where even though it could be considered as unfair labeling or advertising conduct at the time of conduct of labeling or advertising, it is deemed that consumer could become to know if it coincides with the fact after the enterpriser corrected it at the stage of materialization of detailed transaction conduct such as the contract afterward etc.

D. In case where it is recognized that consumer misrecognition by unfair labeling or advertising is corrected by the applicable enterpriser's voluntary correction of unfair labeling or advertising by means of correction advertising etc.

E. Other case where possibility of consumer misrecognition is low because the degree of violation conduct is immaterial

<Form 1> Statement on Improper Concerted Act
<Form 2> Statement on Prohibited Behaviors by Enterprisers' Organization
<Form 3> Statement on Improper Trading Practices - Market Dominance Abuse - Resale Price Maintenance
<Form 3-1> Statement on Improper Business Practices (or) Application for Conflict Arbitration
<Form 4> Statement on Improper Franchising Practices
<Form 5> Request for Examination on Unfair Adhesion Contract
<Form 6> Statement on Improper Labeling/Advertisement
<Form 7> Statement on Improper e-Commerce/Telemarketing Practices
<Form 8> Statement on Improper Door-to-Door/Teleghone/Multilevel Sales/Continuous Transaction/Business Join Solicitation
<Form 9> Statement on Improper Subcontract Business Practices